### BEN DECKER v. THE STATE.

#### No. 1548. Decided March 8, 1898.

1. **Local Option—Two Elections—Failure of Commissioners Court to Declare Result of Second Election.**

Where local option had been adopted at the first election held for that purpose, and a second election resulted also in favor of prohibition, but the commissioners court failed or refused to declare the result; Held, prohibition was still in force in the county by virtue of the first election.

2. **Same—Intoxicating Liquors—What Are—Charge of Court.**

On a trial for violation of local option, where the issue was as to whether the beverage sold was intoxicating, a charge of court defining what are intoxicating liquors, which authorized the jury to presume that all liquors are intoxicating which contain some intoxicating qualities, was erroneous.

3. **"Intoxicant"—Definition of.**

Any liquor intended for use as a beverage, or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such proportion that it will produce intoxication when taken in such quantities, may be practically drunk as an intoxicant.

APPEAL from the County Court of Johnson. Tried below before Hon. F. E. ADAMS, County Judge.

Appeal from a conviction of a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The case is sufficiently stated in the opinion.

*Poindexter & Padelford,* for appellant.——It is admitted and shown that a local option election was held for the county of Johnson, in January,

1895, which resulted in prohibition, said election being admitted to be legal, etc. Again, it is further admitted and shown that on the 11th day of March, 1897, another local option election was held for the whole of the county of Johnson, said last election being also admitted and shown to be legal in every respect, same being legally ordered and held. On the 20th day of March, 1897, just nine days after the said last election, the Commissioners Court met and opened the polls and counted the votes.

It is further admitted and shown, that the Commissioners Court never met thereafter for the purpose of opening the polls and counting the votes after this last election, and declaring the result thereof; and hence the polls were never legally opened, the votes legally counted, nor the result of said last election ever published, as required by law.

The defendant in this case was indicted for selling intoxicating liquors in May, very near two months after the holding of this last election. The evidence showed that the liquors for the sale of which defendant was convicted were sold some time in May, 1897.

The State only offered in evidence the record of the election of 1895, and the court instructed the jury to convict the defendant under this election. The defendant objected to the introduction of the record of the election of 1895, and to the conviction of said defendant under said election, because the election of 1897, being in every respect legally ordered and held, repealed and did away with the former election of 1895.

The liquor which the defendant was charged with selling had been sold long after this last election of 1897.

Now, the question raised on this appeal is, what was the legal effect of this last election, and who is to be responsible for the failure of the Commissioners Court to perform its duty in meeting and counting the votes and declaring the result, as required by the statute? And who is responsible for the county judge in not publishing the result of said election? Whose agents are they, and who is responsible for their failure of duty? The evidence shows that the defendant is a poor boy, who was working for a widow woman, who was engaged in the family grocery and restaurant business, and sold hop tonic in connection with her said business; and that the defendant, as the agent of Mrs. Cann, in accordance with the request of a constable and bailiff—peace officers—sold to such officers liquor, for which he was convicted in this case.

Certainly the Commissioners Court and the county judge of Johnson County are not the agents of this boy, and surely he should not be held responsible for their dereliction of duty. They are the agents and officers of the State, and surely if any one is to suffer by their dereliction of duty, it should not be this boy, but the State, whose agents these officers were. The agency which determines whether or not the sale of intoxicating liquors shall be prohibited within a locality is the majority vote of the qualified voters of such locality; and the Constitution authorizes and empowers this agency alone to determine this fact from time to time. The determination of this fact at one time is just as efficient as is a determination of it at another time.

The question determined at the second election in Johnson County is exactly the same as that which was determined at the first election; that is, whether or not intoxicating liquors shall be sold in Johnson County. Article 3393, Revised Statutes, declares that the result of this second election shall be declared and published just the same as the first. The second election supersedes and takes the place of the first in every respect; for it is a separate and distinct determination in no way governed or controlled by the first determination. If this second election should go for prohibition, then the sale of intoxicating liquors shall be prohibited because of the fact that the majority vote at the second election determined that it should be prohibited, and not because of the fact that the majority vote of the first election determined this fact in favor of prohibition. If the last election resulted against prohibition, then the sale of intoxicating liquors is permitted because such majority vote determined that it should be.

On the 11th day of March, 1897, this question was determined by the majority vote of Johnson County one way or the other. If this election determined that intoxicants should be prohibited within Johnson County, and that the defendant thereafter in May sold such liquors, he would be guilty of violating the law by virtue of the determination of the majority vote cast on the 11th day of March, 1897, and not by virtue of the majority vote cast in January, 1895. But, if this election determined that intoxicants should not be prohibited within Johnson County, then the defendant in selling the liquors in May afterwards violated no law.

It was admitted on the trial of this case that this last election was in all respects legally ordered and held; that the result thereof has never been legally declared and published, and that it was not the defendant's fault that it was not so legally declared and published.

Now the question is, shall the defendant suffer because of the fact that the State on the trial of this case was unable to determine whether or not the defendant had violated any law? The burden is upon the State to show that the defendant has violated a law; we clearly think without further argument that the lower court erred in having the defendant convicted under the old election of 1895, after the same had been superseded by the last election of 1897, the sale of the liquor charged in the indictment having occurred about two months after this election. Dawson v. State, 25 Texas Crim. App., 670.

The court erred in that portion of the charge where it defines what it takes to constitute an intoxicating liquor. The defendant before the jury retired specially excepted to this clause of the court's charge. The court in effect instructs the jury that any mixture of such liquor as, retaining their intoxicating qualities, it may fairly be presumed may be used as a beverage, and become a substitute for the ordinary intoxicating drinks as an intoxicating liquor; that is, this portion of the charge of the court instructs the jury that if a liquor which is intoxicating is mixed with any other liquor, if the mixture retains the qualities of the intoxicating liquor, and is used as a beverage, and as a substitute for the ordinary

intoxicating drinks, it is an intoxicating liquor, though such liquor may not produce intoxication. Under this definition coffee or tea is an intoxicating drink. All persons admit that coffee has an intoxicating quality in it; all admit that it is a beverage. Now, if any one should substitute coffee or tea for ordinary intoxicating drinks, then, under the charge of the court, coffee or tea would be an intoxicating drink.

The defendant requested a special charge giving a correct definition as to what an intoxicating drink is. This definition was requested by the defendant: "A liquor is said to be intoxicating when it is used as a beverage, and when it contains alcohol in such proportion that it will produce intoxication when taken in such quantities as may practically be drunk." The court refused to give this definition in charge to the jury, to which refusal the defendant excepted: Black on Intox. Liq., sec. 2, p. 2.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for violating the local option law. It appears from the record that two elections had been held in Johnson County. The first election resulted in favor of prohibition. The second election resulted the same way. The Commissioners Court, when they counted the vote cast on the second election, found that it was in favor of prohibition, but failed and refused to declare the result and prohibit the sale of intoxicating liquors. It is not denied by appellant that the first election was held regularly, and that prohibition carried. But it is contended that, because the Commissioners Court failed to proclaim the result of the second election, therefore prohibition did not exist in Johnson County. We can not agree to this contention. Prohibition was in force in Johnson County by virtue of the first election, and there was but one way to repeal it in that county, and that was by a subsequent election, at which the majority of the votes of that county were cast against it. It is not pretended that this was the result of the second election, but it is conceded that prohibition carried on the second election.

There is a conflict in the testimony as to whether the liquor sold to Riley, as charged in the indictment, was intoxicating. Riley says that he thinks it was beer. Henry Frio states that he drank something that Riley got at Mrs. Cann's (the place where the liquor in question was bought). Thinks it was malt tonic, hop ale, or something like that. "It was, in my judgment, lager beer. I think it was beer. Had no intoxicating effect upon me. It was bought publicly. Don't know whether it is intoxicating or not." Dane testified that it was lager beer. A number of witnesses testified that they used hop ale or malt tonic frequently, and that it was intoxicating. Mrs. Cann and a number of others testified that it was not intoxicating liquor; that it was not beer. So we find an issue of fact in which the testimony is conflicting. Now, the court upon this subject instructed the jury as follows: "You are instructed that intoxicating liquors are liquors which are intoxicating, and which are com-

monly used as beverages for such purposes; also any mixture of such liquors as, retaining their intoxicating qualities, it may be fairly presumed may be used as a beverage, and become a substitute for the ordinary intoxicating drinks." This charge was excepted to at the time. We think it is erroneous. There is no necessity of any presumptions about this matter. Mixtures of liquors may be made retaining some intoxicating qualities, and yet not be intoxicating liquors. The best definition we have seen of intoxicating liquors is given by Black, as follows: "Any liquor intended for use as a beverage, or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such a proportion that it will produce intoxication when taken in such quantities as may practically be drunk, is an intoxicant." Inasmuch as it was a question in the case whether or not the liquor sold was an intoxicant, the charge as given was calculated to confuse and mislead the jury, and was therefore erroneous. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*