### Davis Mason v. The State.

.No. 4162. Decided May 19, 1909.

**Local Option—Non-Intoxicants—Charge of Court.**

Where upon trial of a violation of the local option law, the issue as to whether the beverage sold was intoxicating was very close, the court should have correctly charged the definition of intoxicating liquors as defined by this court, and failing to do so there was reversible error. Following Decker v. State, 39 Texas Crim. Rep., 20.

Appeal from the County Court of Comanche. Tried below before the Hon. J. M. Rieger.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*G. F. Smith,* for appellant.—On question of definition of intoxicating liquors: Malone v. State, 51 S. W. Rep., 381; Walker v. State, 50 Texas Crim. Rep., 495; 98 S. W. Rep., 265; Taylor v. State, 49 S. W. Rep., 590; Ross v. State, 52 Texas Crim. Rep., 604; 108 S. W. Rep., 375; Ex parte Gray, 83 S. W. Rep., 828, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for a violation of the local option law. The evidence discloses that appellant sold to the purchasing witness several bottles of what the witness terms tintop, frosty, or teetotle, which is claimed to have intoxicated said purchasing witness. There is a considerable amount of testimony showing that these drinks were nonintoxicating. There is also evidence of the

fact that others treated the witness, and some suggestion that he may have imbibed whisky. There is no evidence that he purchased any whisky from appellant.

The court charged the jury that, if they should find that appellant sold intoxicating liquor to George McKenzie, they would convict, "and by intoxicating liquor is meant any liquor used as a.beverage that has a sufficient quantity or percent of alcohol to produce intoxication *in any degree,* when such liquor is taken in such quantities as may be practically drunk, and unless they so find they should acquit defendant." Exception was reserved to this charge as being an incorrect definition of intoxicating liquors, and a correct one in writing asked, which was refused. This matter was presented in several ways to the court. We are of opinion the court's charge was error, and we are further of opinion that the special requested instruction presented the law. See Decker v. State, 39 Texas Crim. Rep., 20. Mr. Black's definition of intoxicating liquors in this connection has been followed by this court and has become the established rule. That author uses this language: "Any liquor intended for use as a beverage, or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such a proportion that it will produce intoxication when taken in such quantities as may practically be drunk, is an intoxicant." Tested by this rule the charge is erroneous. Mr. Black's definition has been adopted by this court in all its decisions as correct.

The case as presented by the testimony was on very close lines as to whether the beverage sold by appellant was intoxicating or not, which emphasizes the error of the court's charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*