## C. F. Murray v. The State.

No. 4074.     Decided June 9, 1909.

**1.—Local Option—Intoxicant—Charge of Court.**

Upon trial of a violation of the local option law, where the evidence raised the question as to whether the liquor sold was intoxicating, it was reversible error to charge the jury that the law did not recognize any degree in intoxication, and that any alcoholic liquor which produced intoxication in any degree, would in law be intoxicating liquor; especially where the court submitted another charge giving a different definition of an intoxicant.

**2.—Same—Evidence—Intoxicating Liquors.**

Upon trial of a violation of the local option law, the court erred in admitting in evidence the testimony of witnesses to the effect that they remembered on a certain occasion that the ladies called on defendant and asked him to quit selling frosty.

**3.—Same—Former Acquittal—Practice—Postponement.**

Upon trial of a violation of the local option law, there was no error in not permitting the defendant to interpose a plea of former acquittal because the jury had returned a verdict of not guilty in another local option case during his trial. If defendant desired to await the result of the other trial in order to be in position to file said plea, he should have asked a postponement of his trial until the verdict in the other case was returned.

Appeal from the County Court of Fisher. Tried below before the Hon. J. D. Barker.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a local option conviction. The evidence discloses that appellant was selling "frosty," "ino," "hiawatha," etc. The State introduced evidence to the effect that appellant sold quite a lot of "frosty," "ino" and "hiawatha" on the day of the alleged infraction of the law. Three parties bought, it seems, at the same time. Two of them did not become intoxicated, but the other did, as we gather from this record. The State maintains that he became intoxicated from drinking the "stuff" bought of appellant. Appellant combated this with evidence to the effect that this party drank

peruna to a considerable extent, and in addition took other drinks before he went to appellant's place of business, at a picnic ground some four miles from appellant's place of business. There was a great deal of testimony introduced to the effect that the "stuff" appellant sold was not intoxicating. It became an issue in the case as to whether or not the fluid appellant sold was intoxicating. In this condition of the record the court charged the jury as follows: "The law does not recognize any degree in intoxication, and any alcoholic liquor which will produce intoxication in any degree in law would be intoxicating liquor." The court also gave a charge that any liquor intended for use as a beverage, and capable of being so used, which contained alcohol, etc., in such proportion that it would produce intoxication when drunk in reasonable quantities such as the human stomach will ordinarily hold, is an intoxicant. The two charges are directly in contradiction of each other. The first quoted is not correct. This case comes within the rule laid down by this court in Decker v. State, 39 Texas Crim. Rep., 20. See also Black on Intoxicating Liquors, section 2. Mr. Black uses this language: "Any liquor intended for use as a beverage, or capable of being so used, which contains alcohol either obtained by fermentation or by the additional process of distillation, in such a proportion that it · will produce intoxication when taken in such quantities as may practically be drunk, is an intoxicant." It will be seen that, tested by this rule, which has been adopted by this court, in all of its decisions, that the first quoted charge is erroneous, and this is specially emphasized in this case, as it was a serious question on the trial whether or not the liquor sold was an intoxicant. This charge was calculated to confuse the jury; and especially so in view of the subsequent charge given, the two propositions being directly in conflict. The great weight of the evidence in this case is to the effect that the fluid, or "stuff," as the witnesses called it, sold by appellant, was not an intoxicant. This question is properly presented for revision.

Over appellant's objection witnesses were permitted to testify to the fact that they remembered, on a certain occasion, the ladies called on the defendant and asked him to quit selling "frosty." Many grounds of objection were urged. We believe this testimony is inadmissible. It served to prove no issue in the case, even had the ladies themselves testified, and it was introduced as hearsay, or being the statement of an incident that may have happened in the community. It could not be evidence of the fact that appellant was selling intoxicants. The ladies may have objected to appellant selling "frosty" whether it was an intoxicant or not, but this would not prove, or tend to prove, that appellant was violating the local option law in selling "frosty," nor did it show, or tend to show, that it was an intoxicant.

There is another question suggested for revision. Appellant had been placed on trial in another case, and while the jury was out considering their verdict in that case he was placed upon his trial in this case. After this trial had proceeded for some time, the jury in the

first case returned into court a verdict of acquittal. Appellant moved in arrest of judgment because the court would not permit him, in that stage of the trial, to interpose a plea of former acquittal. In this matter the court did not err. If appellant desired to await the result of the other trial in order to be in position to file a plea of former acquittal or conviction, he should have asked the court for a postponement of this trial until the verdict in the other case was brought into court. We mention this in passing, as it is raised. If appellant sees proper to do so, he may file his plea of former acquittal on another trial. It was not error on the part of the trial court, under the state of case presented by this record, to refuse to permit the filing of the plea.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*