### J. H. HARRISON v. STATE.

#### No. 2058. Decided November 27, 1912.

**1.—Bribing Witness—Indictment.**

Where the indictment, in a prosecution for bribing a witness, did not allege what character of process from the grand jury defendant sought to induce the alleged witness to avoid, or that it was unknown to them, etc., the indictment was insufficient.

**2.—Same—Postponement—Accessory.**

Where, upon trial of bribing a witness, the defendant showed in his application for postponement that he had been convicted as an accessory upon the identical facts for which he was being tried, and that he had appealed from said conviction, and therefore asked for a postponement until the other case was finally disposed of, so that he might plead former acquittal or conviction, the same should have been granted. Following Maines v. State, 37 State Crim. Rep., 617, and other cases.

**3.—Same—Other Transactions—Evidence.**

Where, upon trial of bribing a witness, the State was permitted to introduce all the details of a seduction case to show that defendant had bribed the father of the alleged seduced female and induced him and his daughter by a bribe to leave the county in order to avoid testifying in the case, the same was reversible error, defendant not being present and had nothing to do with the seduction.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of bribing a witness; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Smith & Palmer* and *Goodson & Goodson,* for appellant.—On question of postponement and former conviction: Murray v. State, 56 Tex. Crim. Rep., 438, 120 S. W. Rep., 437; Powell v. State, 42 Tex. Crim. Rep., 12, 57 S. W. Rep., 94, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with bribing a witness. Omitting the formal part of the indictment, it charged that appellant corruptly offered to and paid T. G. Waldrip the sum of $150 in money, T. G. Waldrip being a witness in cases then and there in the District Court of Comanche County, said cases being then and there under consideration and investigation by the grand jury of the said District Court of Comanche County, said court being

then and there in session and said cases being certain cases, wherein the State of Texas was plaintiff and Sam Wimberly, Sol Ingram and J. G. Daniel were defendants, and the said J. H. Harrison did then and there give to said witness, T. G. Waldrip, ''who was then and there a material and important witness for the State in said cases, the sum of one hundred and fifty dollars in money to leave the County of Comanche, and take with him his daughter, Mattie Waldrip, who was also an important witness for the State in said cases, and to keep out of the way and not appear at said term of the District Court of Comanche County, Texas, against the said Sam Wimberly, Sol Ingram and J. G. Daniel, and to also keep the said Mattie Waldrip from appearing and testifying in said cases at said term of the District Court of Comanche County, Texas, against the said Sol Ingram, Sam Wimberly and J. G. Daniel, the said J. H. Harrison intending thereby to bribe the said T. G. Waldrip to avoid the process of the said District Court requiring him to appear as a witness in said causes.''

A motion was made to quash this indictment on several grounds. Among others that it was no violation of the law to pay Waldrip $150 to take his daughter Mattie with him and leave the county; that the statute denouncing and punishing for bribing a witness means that the bribe must be offered to and for the purpose of bribing the witness and not to take another out of a county or away from the court. The bribery denounced by the statute applies to the witness and not to somebody else to be effected by that witness. If it was intended to charge Waldrip with bribing his daughter and appellant had furnished the money for that purpose, then if that was an offense this indictment would be against appellant as an accomplice and Waldrip as principal. This part of the indictment should not have been inserted. Possibly if this was the only question arising out of this allegation, it might be treated as surplusage, but the remainder of the indictment should state the case by its averments against appellant in regard to T. G. Waldrip. Again, it will be noticed that this indictment charges that appellant intended to bribe Waldrip to avoid the process of the court. Passing upon this, we desire to state that this matter is brought up in different forms. Of course, appellant could be guity if he bribed Waldrip to avoid the process of the court, but he could not be guilty under the indictment as charged, or bribing Waldrip to take his daughter away from the court. The indictment is, we think, deficient in that it does not allege what character of process from the grand jury appellant sought to induce Waldrip to avoid. The statute provides several ways by which a witness may be bribed and for various things. Appellant to be guilty must be shown to have bribed Waldrip to disobey process if it had been served on Waldrip, or if process had been issued but not served, then he must be bribed to avoid service of said process. The indictment should allege, we think, specifically, under the rulings of the Supreme Court and of this court, what that process was. If

it was a subpoena, the grand jury knew it was a subpoena, because they issued it; they could not, therefore, allege that the character of process was unknown to them, or that they could not ascertain the character of process by diligent inquiry. If a subpoena or other process had been issued by the grand jury, that body knew what character of process it was. See Hughes v. State, 43 Texas, 518; Brown v. State, 13 Texas Crim. App., 358. In the Hughes case the court held that the indictment is defective if it fails to allege that the offer was made to either bribe a witness to disobey a subpoena or other legal profess, or to avoid the service of the same. In Brown's case it is said, if indictment charges that offer to bribe was made to induce a witness to disobey subpoena, it must allege the existence of a subpoena, and that the same was issued by legal authority. Tested by these decisions and the statute, we are of opinion that this indictment is not sufficient.

2. Appellant was indicted as an accessory and convicted on the identical facts which form a predicate for this prosecution. It is deemed unnecessary to go into a statement of the evidence and the recitations in the bills of exceptions, but it was agreed by counsel and ratified by the court in his approval of the bills of exception that the facts introduced in both cases were identical and the prosecution relied upon the identical facts to sustain both indictments. The bills of exception are quite lengthy. The appellant's first motion was to postpone the trial of this case until the final disposition of the other case, reciting that appellant had been convicted as an accessory and allotted a term in the penitentiary upon the identical facts relied upon in this case; that his motion for new trial had been overruled, sentence pronounced and notice of appeal given to the Court of Criminal Appeals. Upon this motion he asked a postponement of this case until the other case was finally disposed of in order that he might plead either former conviction or former acquittal, as the facts and the condition of the record would then indicate. He then filed his plea of former conviction setting up practically the same facts as in the other, to-wit: that he had been convicted in the other case, motion for new trial overruled, and notice of appeal given. This seems to have been done out of an abundance of caution so as to be certain to have the questions properly presented to the court, in order that he might not be twice convicted on the same facts and for the same act. Without discussing the second motion, to-wit: the plea of former conviction, we say there is no question under our law, that the first motion should have been granted and the case should have been postponed. Under the constitutional provision that no man shall be twice convicted of the same offense, and the showing made, approved by the court, two convictions occurred on the same transactions and on identically the same facts. This plea should have been sustained. See Maines v. State, 37 Texas Crim. Rep., 617; Powell v. State, 42 Texas Crim. Rep., 12; Murray v. State, 56 Texas Crim. Rep., 438.

3. The theory of the State was that appellant had bribed Waldrip to take his daughter out of the country and himself leave the country in order to avoid testifying in a case against Wimberly for seducing Mattie Waldrip.   There is also an indication that another case was being investigated, to-wit; against Wimberly, Ingram and Daniels for producing an abortion upon Mattie Waldrip.   There was testimony, and among others the testimony of Mattie Waldrip, that Sam Wimberly had seduced her and that Ingram, Wimberly and Dr. Daniels produced an abortion upon her.   The fact that there was such a case being examined, and that Waldrip was a witness in it was legitimate, but the State introduced, over appellant's objections, all the details of the seduction and all the facts bearing upon it as well as all the details of the abortion, the same as if appellant was on trial for each or both of those offenses.   This was clearly inadmissible.   Appellant was not present and had nothing to do with either the seduction or the abortion and there is no contention anywhere in the record that he was.   The only connection that he is alleged to have had with these matters, or sought to be proved, was the fact that while the grand jury was investigating these matters against the parties named above, he induced Waldrip to leave the country and carry his daughter Mattie with him.   It would make no difference so far as defendant was concerned in this case, what the facts were in regard to the seduction or abortion.   He was charged with bribery and the facts in regard to the seduction were totally immaterial.   The fact that he sought to induce a witness to leave to prevent the investigation of the grand jury was sufficient. All the facts on the part of Wimberly in seducing the woman or the act on the part of Wimberly, Dr. Daniel and Ingram in bringing about an abortion, were not only irrelevant, but highly prejudicial to defendant and clearly inadmissible. These questions are presented to the court, first, in objections to testimony; second, in motion to exclude, and third in charges to the jury, all of which are timely and properly preserved in the record.

There are some other matters that arose during the trial and presented here for review, some of which would be reversible error, but. in the light of this opinion, we deem it hardly necessary to review them.   The trial court will understand from what has been said how the case should subsequently be tried.   The judgment is reversed and the cause is remanded.

*Reversed and remanded.*