### Frank Weinberg v. The State.

#### No. 4445. Decided May 9, 1917.

**1.—Local Option—Charge of Court—Intoxicating Liquor.**

Where, upon trial of a violation of the local option law, the issue was raised by the evidence whether the alleged beverage was intoxicating, the court should have instructed the jury as requested that before they could convict the defendant, they must believe from the evidence that the alleged liquor sold by defendant was intoxicating. Following Decker v. State, 39 Texas Crim. Rep., 20. Distinguishing Moreno v. State, 64 Texas Crim. Rep., 660.

**2.—Same—Intoxicating Liquor—Rule Stated.**

The rule is that any liquor intended for use as a beverage or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such proportion that it will produce intoxication, when taken in such quantities as may practically be drunk, is an intoxicant.

**3.—Same—Evidence—Other Transactions.**

Upon trial of a violation of the local option law, testimony which showed that some time subsequent to the alleged sale, defendant bought intoxicating liquors for a number of guests, who attended the marriage of his daughter upon defendant's invitation, was inadmissible.

Appeal from the County Court of Johnson. Tried below before the Hon. B. J. Jackson.

Appeal from a conviction of the local option law; penalty, a fine of fifty dollars and thirty days in jail.

The opinion states the case.

*Warren & Myres,* for appellant.—On question of intoxicating character of beverage: Davis v. State, 36 Texas Crim. Rep., 393; Scales v. State, 47 id., 294; Beaty v. State, 53 id., 432; Barnes v. State, 44 S. W. Rep., 491; Faucett v. State, 73 id., 807; Ex parte Gray, 83 id., 828.

On question of other transactions: Myers v. State, 52 Texas Crim. Rep., 558; Harris v. State, 50 id., 411; Alberson v. State, 54 id., 8.

Upon question of refused special charges: Denton v. State, 52 Texas Crim. Rep., 58; Barnes v. State, 44 S. W. Rep., 491.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of selling intoxicating liquors in violation of the local option law, his punishment being assessed at a fine of $50 and thirty days imprisonment in the county jail.

He did not himself sell but his son did in his absence. The State's case was that the prosecuting witness went to appellant's home and called to his minor son for a bottle of Budweiser. The boy handed him the bottle, which the witness drunk. This witness leaves it exceedingly doubtful as to whether the beverage was intoxicating or not. The defendant's theory was that he did not have Budweiser but sold what he

called Nearweiser, which seems to have been a non-intoxicating malt liquor. Under this view of the record we think the court should have instructed the jury as requested by appellant, that before they could convict they must believe the beverage to be an intoxicant. If the liquor sold was not an intoxicant or there was a reasonable doubt of that appellant had not violated the local option law. This special charge contained the accepted definition in our decisions as to what an intoxicant is under that law as follows: "Any liquor intended for use as a beverage or capable of being used, which contains alcohol either obtained by fermentation or by the additional process of distillation in such proportion as it will produce intoxication when taken in such quantities as may practically be drunk, is an intoxicant." This has been recognized by the authorities and elementary writers as a proper definition of what is an intoxicant. Upon another trial this charge should be given. Appellant would not be guilty if he did not sell intoxicating liquors. The special charge lays down the recognized rule since Decker v. State was written by Judge Hurt in 39 Texas Crim. Rep., 20. It is not necessary here to discuss Moreno v. State, 64 Texas Crim. Rep., 660, inasmuch as the question there decided is not involved.

There is another question we desire to mention as reversible. A month or such matter after this alleged sale the sheriff went to the residence of appellant and took from his residence some beer, wine and whisky. This the evidence shows had been bought by appellant for a great number of guests who attended the marriage of his daughter. We are of opinion this testimony was not admissible. It was some time subsequent to the alleged sale, and was shown to have been bought not for the purpose of selling but for the purpose of entertaining his guests or those who had been invited to be present at the marriage of his daughter and the jollification incident to it. This was some time after the alleged sale and would have no relation to the sale of the bottle of Budweiser or Nearweiser referred to by the witnesses, and had no relation to the actual surroundings of that sale.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*