FRANCISCO RAMIREZ V. THE STATE.

No. 22769. Delivered March 1, 1944.
Rehearing Denied April 26, 1944.
Application for Leave to File Second Motion for Rehearing
Denied May 10, 1944.

The opinion states the case.

*H. B. Galbraith,* of Brownsville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the theft of one head of cattle and assessed a penalty of six years in the penitentiary.

This is a companion case to No. 22,768 this day decided. (Page 218 of this volume). The complaint with reference to the indictment is the same and the ruling in that case will apply to all of the questions raised in this case except to the plea of former jeopardy.

The animal described by the evidence in this case is a yellow calf, part Brahma and part Hereford. It bears the branding mark of Charles E. Gooding but the brand of appellant's father had been superimposed over that of Gooding. This was discovered on the 15th of October at the second round-up and division of the cattle, at which time both appellant and his mother, being present, admitted that the animal belonged to Gooding and it was placed in his pen. A Ranger, who was present and examined it at that time, identified it positively as being the same animal which was purchased from appellant on the same date and with the white Brahma and Jersey yearling involved in the former trial. The proof seems clear that the two animals were not stolen at the same time though they were both sold together under the same Bill of Sale. The State offered proof to this effect and appellant presented no evidence in denial thereof. His plea of former jeopardy rested upon a finding of fact that the two yearlings were stolen at the same time. This was submitted to the jury and they answered that the things set out in the plea were untrue. The evidence amply supports this finding and fails to support the plea of former jeopardy.

Finding no error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists we were in error in our original opinion herein in that, among other things, it is shown from the facts that appellant had previously been convicted of the unlawful taking of this animal in district court cause No. 6709, our No. 22768, and that the jury were in error when they found his plea of former conviction to have been untrue.

In the first place, his plea of former conviction was prematurely filed; the case upon which the claim of jeopardy was based had been tried only the week previous,. and final judgment had not been entered thereon at such time as is evidenced by its presence in this court at the present time on appeal. Mr. Branch says in his Penal Code, p. 319, Sec. 630:

"If the judgment which is the basis of the plea is pending on appeal it will not support a plea of former conviction. Only a final judgment will support a plea of former conviction. Williams v. State, 20 Texas Crim. App. 358; Dupree v. State, 56 Texas Crim. Rep. 565, 120 S. W. 871; Harvey v. State, 57 Texas Crim. Rep. 5, 121 S. W. 501; Phillips v. State, 164 S. W. 1007."

However, we note that the trial court submitted to the jury, under proper instructions, the matter of the truthfulness of appellant's plea of former conviction, and in their verdict they specifically found same to have been untrue, and we think they were correct in so finding.

Unquestionably there is some conflict in the testimony relative to the brands on the allegedly stolen animal. We gather from the facts that appellant was charged with other thefts from the same owner, and appellant suggests that because, of the fact that two certain animals were sold by appellant at the same time, then that same were taken from the owner at the same time, in one and the same transaction. We do not think that such a conclusion would naturally follow because of the sale of. both at the same time. These were range cattle, and were last seen in the complaining witness' possession on about October 15, 1942, and the one here in question was sold by appellant one month later, not in company with the animal mentioned in our cause No. 22678. It would necessitate an indulgence in a presumption for us to say that these two cattle were taken at the same time and by the same criminal act.

It is true that the animal in question herein, being a brown heifer about 18 months old, spotted face, part Brahma, was testified to by some of the State's witnesses as being branded "AR" on left hip and "A" on the left jaw superimposed upon an "HE" brand, and another State's witness giving the same brand, except denying that the "A" on the left jaw was superimposed upon the "HE" brand. As to this conflict, it should be sufficient to say that it is shown substantially that this brown 18 months-old heifer, part Brahma, with a spotted face, was Mr. Gooding's heifer, and she was found in the possession of appellant,

and that she was taken from Mr. Gooding's possession without his consent. As to who thus took her, the jury were instructed by the trial court to acquit appellant unless they believed beyond a reasonable doubt that he took her from Mr. Gooding's possession without his consent. Evidently they were of the opinion that appellant was such taker, and we do not feel disposed to say that they were not correct in so finding.

The motion will therefore be overruled.

### ON APPELLANT'S REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that because the judgment in Cause No. 22768 (page 218 of this volume) against this same appellant was reversed, that the judgment in this cause should also be reversed. Because of the confusion regarding the animals we have again given attention to the facts and find ourselves in disagreement with appellant's contention.

At appellant's request the State filed a bill of particulars describing the animal for the theft of which appellant was to be placed on trial in this cause as: "* * * a brahma heifer about sixteen months old, brown in color, with a spotted face, branded 'AR' on the left hip, branded 'HE' on the left jaw with an 'A' branded placed over the superimposed upon the 'HE' brand upon the left jaw, and with the left ear notched. That the animal was of female sex, weight approximately five hundred pounds." This was the animal described by the owner, Mr. Gooding. The deputy sheriff, Mr. Cowart, was present when the cattle of appellant's father and Gooding were rounded up and separated on October 15, and saw and described this animal as having been cut in with the Gooding cattle. Mr. Saldana bought two head of cattle from appellant on November 14. Mr. Cowart saw the two head and recognized one of them as the same brown brahma heifer which had been turned into Gooding's herd on October 15, and testified that she had an "A" superimposed over "HE" on the jaw. It is true Mr. Saldana testified that the "A" on the jaw had not been superimposed over an "HE," but otherwise described her exactly as did the owner and Cowart. This is one of the discrepancies which juries must settle. We have no authority to say that Saldana was right and Cowart was wrong.

We observe that in the motion we are considering reference is made to what was shown in a "bill of sale." From this we fear

appellant has confused the facts in the two cases. No bill of sale appears in the statement of facts in this case, while one was found in the statement of facts in the other case.

The motion for rehearing in this case was properly overruled, and request for leave to file second motion for rehearing is denied.