**Marlyn Edward MARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10-83-329-CR.**

Court of Appeals of Texas,
Waco.

March 28, 1985.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Joe Magliolo, Asst. Dist. Atty., Houston, for appellee.

## OPINION

THOMAS, Justice.

This is an appeal from the denial of Appellant's plea of jeopardy. We affirm.

Appellant was convicted of capital murder and sentenced to death in cause number 363,445 in the 228th District Court of Harris County. He was also indicted for three aggravated robberies in cause number 363,446 in the same court. Appellant filed a "Plea of Double Jeopardy" in cause number 363,446, alleging that he had already been punished for the robberies because the State had introduced evidence of the aggravated robberies during the punishment phase of his capital murder trial to secure the death penalty. The court denied the jeopardy plea on July 5, 1983.

Appellant then filed a motion requesting the court to reconsider its ruling on the jeopardy plea. On November 21 the court held a hearing on the motion to reconsider. The State admitted at the hearing that the three victims of the aggravated robberies had testified about the robberies during the punishment phase of Appellant's capital murder trial. Appellant called as witnesses two members of the jury which had assessed his death penalty. The jurors denied that the testimony of the three victims of the aggravated robberies had caused them to assess the death penalty. The

court denied the motion to reconsider on November 21. Following the denial of the motion to reconsider, Appellant plead "no contest" to the three aggravated robberies charged in cause number 363,446. The court found him guilty of all three offenses and assessed his punishment at twenty-five years in prison for each offense.

In his sole ground of error Appellant contends that the court erred when it denied his jeopardy plea. This ground is without merit. The record before us does not reflect the date of Appellant's capital murder conviction nor does it show that such conviction had become final before the court denied the jeopardy plea.

The constitutional guarantee against double jeopardy protects an accused from a second prosecution for the same offense after acquittal or conviction and also protects against multiple punishments for the same offense. *See Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); U.S. Const. art. V. Here, Appellant argues that he is being subjected to multiple punishments for the three aggravated robberies because the State used evidence of the robberies to obtain the death penalty in his capital murder case. He does not claim that he has been convicted or acquitted of the robberies in the prior proceeding. An accused cannot successfully claim that he has already been punished for the same offense in a prior proceeding unless the judgment in the prior proceeding has become final. Thus, only a final judgment in a prior proceeding will support a plea of jeopardy. *See Dailey v. State*, 162 Tex.Cr.R. 387, 285 S.W.2d 733 (1955); *Ramirez v. State*, 147 Tex.Cr.R. 256, 179 S.W.2d 976 (1944). Appellant has failed to show that his jeopardy plea was based on a final prior conviction, and he cannot therefore demonstrate that he has already been punished for the aggravated robberies. Ground one is overruled.

Affirmed.