**Ex parte Alton CARTER.**

**No. 04-91-00680-CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 19, 1992.

Frances Cusack, Larry Zinn, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., James Kopp, Edward F. Shaughnessy, III, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before PEEPLES, GARCIA and ONION, JJ.

## OPINION

ONION, Justice (Retired).[1]

This is an attempted appeal from a pretrial writ of habeas corpus in which the appellant claimed violation of the double jeopardy provisions of the federal and state constitutions. On November 21, 1991, appellant filed an "Application for Writ of Habeas Corpus" with a prayer that the trial court conduct "an evidentiary hearing on this application...." The application was filed under the cause number of the pending murder indictment in cause number 91-CR-1005.[2] The application alleged that applicant was originally indicted for murder in cause number 91-CR-1005, but that later he was reindicted for the same murder in cause number 91-CR-3038A which indictment in the second count also alleged aggravated robbery by causing serious bodily injury. The application also asserted that the applicant successfully moved for severance of the offenses alleged in cause number 91-CR-3038A, and that the applicant was then prosecuted for aggravated robbery and convicted by a jury who assessed a punishment of twenty-five years' imprisonment. The habeas application contended that the State was now threatening to prosecute the appellant for murder in cause number 91-CR-1005 which is the "same offense" as the aggravated robbery constituting violations of the stated double jeopardy provisions.

The record does not show that a writ of habeas corpus was issued. On November 15, 1991, the trial court conducted a hearing on the "application," at the conclusion of which the court orally denied "the motion." The written order found "that this Writ of Habeas Corpus should be Denied." On November 26, 1991, the appellant filed a motion for reconsideration of the "application" for writ of habeas corpus. On December 6, 1991, the trial court heard the motion to reconsider and denied the same. The notice of appeal reads:

> Alton Carter, Defendant, within 15 days of denial of Motion to Reconsider Application for Writ of Habeas Corpus based on double jeopardy files this notice of appeal to the 4th District Court of Appeals in Cause No. 91-CR-1005.

■ Although appellant's counsel told the trial court that the appeal would be an "interrogatory [sic] appeal," and styled the appeal as if it were an appeal from the substantive case,[3] the record does indicate the use of a special plea under TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1989).[4]

■ An appeal from a denial of *relief* pursuant to the issuance of a pretrial writ of habeas corpus alleging that a trial on the merits will subject the defendant to double jeopardy is now an appropriate procedure. *Stephens v. State*, 806 S.W.2d 812, 814 (Tex.Crim.App.1990); *Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex.Crim. App.1986); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982). This is the procedure that appellant seeks to utilize.

---

1. Presiding Judge, Retired, Court of Criminal Appeals, assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. Habeas Corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an indictment or other forms of the State's pleadings. Such habeas proceedings should be docketed separately from the substantive cause and given a different cause number. An appeal from an order denying relief after the issuance of the habeas corpus writ is not an interlocutory appeal from the substantive cause arising out of an indictment, felony information complaint and information. Failure to docket habeas corpus proceedings separately is a common mis-

take of the bench and bar and the court clerks of this State.

3. *See* footnote # 2. We have restyled the cause "Ex parte Alton Carter: instead of the original "Alton Carter v. State of Texas."

4. A special plea may be used to assert a double jeopardy claim under TEX.CODE CRIM.PROC. ANN. art. 27.05 (Vernon 1989). The denial of a special plea in advance of trial is an interlocutory order and not a final judgment. The Courts of Appeals have no jurisdiction over an appeal from this type of interlocutory order under article 27.05. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex.Crim.App.1991); *Ex parte Walker*, 813 S.W.2d 570, 571 (Tex.App.—Corpus Christi 1991, pet. ref'd).

■ When the trial court is presented with an application for a writ of habeas corpus, it may hold a hearing on limited questions whether to issue the writ or whether to simply deny the application. After such a hearing, no appeal lies from the refusal to issue the writ. *Ex parte Noe,* 646 S.W.2d 230, 231 (Tex.Crim.App. 1983); *Walker,* 813 S.W.2d at 571; *Ex parte Herrera,* 750 S.W.2d 923, 925 (Tex. App.—Corpus Christi 1988, no pet.); *Sosa v. State,* 678 S.W.2d 136, 137 (Tex.App.—San Antonio 1984, no pet.); *Ex parte Reese,* 666 S.W.2d 675, 677 (Tex.App.—Fort Worth 1984, pet. ref'd).

■ Whether a trial court issues a writ of habeas corpus is a matter of discretion. *Williams v. Harman,* 788 S.W.2d 192, 193 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Ex parte Fowler,* 573 S.W.2d 241, 244 (Tex.Crim.App.1978). The issuance of the writ is a necessary step for the trial court to hear the basis for the relief sought. *Walker,* 813 S.W.2d at 571. Thus, a trial court's ruling on an application for writ of habeas corpus is appealable only when the trial court issues the writ and then rules upon the merits of the questions presented denying the relief sought. *See e.g., Ex parte Moorehouse,* 614 S.W.2d 450, 451 (Tex.Crim.App.1981).

■ There is nothing in the instant record showing that the trial court issued a writ of habeas corpus. *See* TEX.CODE CRIM. PROC.ANN. art. 11.10 *et. seq.,* (Vernon 1977). After a hearing on the "application" the trial court orally denied the "motion" and denied in writing the "writ of habeas corpus." A motion for reconsideration of the "application" was denied. There is no appealable order in the record, no denial of relief following the issuance of a pretrial habeas corpus writ.

Under the circumstances presented, this Court has no jurisdiction because there is no appeal from a denial of the application or a refusal to issue a writ. *Walker,* 813 S.W.2d at 571; *Sosa,* 678 S.W.2d at 137.

■ Even if it can be argued that there was a writ issued and an appealable order denying relief, the appellant faces another obstacle. Appellant's conviction for aggravated robbery in cause number 91–CR–3038A is currently pending appeal in this Court in our cause number 04–91–00557–CR. Only a final judgment will support a plea of former conviction in a double jeopardy setting. *Dailey v. State,* 285 S.W.2d 733 (Tex.Crim.App.1955). It would appear that appellant's double jeopardy claims are premature. The State so urges. In a long, unbroken line of Texas cases, it has been held that a plea of former conviction does not bar a subsequent prosecution while an appeal is pending from the judgment of conviction. *Dailey,* 285 S.W.2d at 733; *Ward v. State,* 185 S.W.2d 577, 578 (Tex.Crim.App.1945); *Ramirez v. State,* 179 S.W.2d 976 (Tex.Crim.App.1944); *Faubion v. State,* 104 Tex.Crim. 90, 282 S.W. 599 (1926); *Sackhiem v. State,* 92 Tex. Crim. 437, 244 S.W. 377 (1922); *Phillips v. State,* 73 Tex.Crim. 317, 164 S.W. 1004, 1007 (1914); *Harvey v. State,* 57 Tex.Crim. 5, 121 S.W. 501 (1909); *Dupree v. State,* 56 Tex.Crim. 562, 120 S.W. 871, 873 (1909); *see also Hosey v. State,* 760 S.W.2d 778, 780 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Marr v. State,* 689 S.W.2d 290, 292 (Tex.App.—Waco 1985, pet. ref'd); 21 AM. JUR.2D, *Criminal Law* § 262 at 460 (1981); 22 C.J.S. *Criminal Law* § 244 at 290 (1989); Annotation: *Conviction From Which Appeal Is Pending as Bar To Another Prosecution For Same Offense,* 61 A.L.R.2d 1224, 1226–27. The reason for such rule was discussed in *Dupree,* 120 S.W. at 873. A pending appeal from a conviction deprives the judgment of conviction of the finality necessary to plead that conviction in bar of another prosecution. If it were not so, a reversal of the conviction on appeal because of trial error would eliminate any claim of double jeopardy or former conviction, yet that claim may have been used to dispose of other prosecutions while the appeal was pending.[5]

---

5. Interestingly, some *early* cases indicate that if the prior conviction, upon which a defendant relies for his double jeopardy plea, is not final and is pending on appeal or otherwise, the defendant is required to file his motion for continuance or postponement to take advantage of his

We need not pass on the State's contention that appellant's claim of former conviction is premature. This Court being without jurisdiction to entertain the attempted appeal from a writ of habeas corpus for the reasons stated, this appeal is dismissed.

special plea of double jeopardy and that such motion or request should be granted. *Westbrook v. State,* 88 Tex.Crim. 223, 225 S.W. 750, 752 (1920); *Phillips,* 164 S.W. at 1007; *Harrison v. State,* 69 Tex.Crim. 152, 151 S.W. 552, 553 (1912); *Murray v. State,* 56 Tex.Crim. 438, 120 S.W. 437, 438 (1909); *Powell v. State,* 42 Tex. Crim. 11, 57 S.W. 94, 95 (1900); *Maines v. State,* 37 Tex.Crim. 617, 40 S.W. 490, 491 (1897); 1 Branch's Anno.P.C.2d Ed., § 648 at 605.