TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00346-CR







Ex parte Jose Gutierrez, Appellant










FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 98-205-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






 This is an appeal from an order denying relief following a pretrial application for
writ of habeas corpus. The application was based on a claim of violations of the double jeopardy
provisions of the Fifth Amendment to the United States Constitution and article I, section 14 of
the Texas Constitution. See also Tex. Code Crim. Proc. Ann. art. 1.10 (West 1977).


Habeas Application



 In his habeas application, appellant Jose Gutierrez alleged that he was charged by
indictment in cause number 97-630-K277 with three counts of aggravated sexual assault of a child
and two counts of indecency with a child--N.R.; that he was convicted in said cause number in
April 1998 in the 277th District Court of Williamson County of two counts of aggravated sexual
assault of a child and two counts of indecency with a child; that the jury assessed his punishment
at 50 years' imprisonment for each of the aggravated sexual assault offenses and 20 years'
imprisonment for each of the indecency offenses; and that he is also charged by indictment in
cause number 97-631-K277 with one count of aggravated sexual assault of a child and two counts
of indecency with a child--B.R.

 Appellant also alleged that at his trial in cause number 97-630-K277 where N.R.
was the complainant, B.R. testified at the penalty stage as to extraneous unadjudicated acts
committed on her by appellant, which were the very acts or offenses alleged in the second
indictment--cause number 97-631-K277; that in the subsequent jury argument the prosecutor
repeatedly asked the jury to punish appellant for the acts committed against N.R., but also for the
extraneous offenses committed against B.R.; and that it was obvious from the harsh punishment
assessed that the jury followed the prosecutor's request and assessed punishment for offenses
against both N.R. and B.R. Appellant argued in his habeas application that to put him to trial in
cause number 97-631-K277 would place him in double jeopardy because he had already been
assessed punishment for all the offenses allegedly committed against B.R.


The Hearing


 The trial court issued the writ and conducted a hearing to determine if appellant was
entitled to the relief requested--discharge from confinement by virtue of cause number
97-631-K277. At the hearing, appellant called no witnesses but introduced into evidence the two
indictments, excerpts from the testimony of B.R. at both the guilt/innocence and penalty stages
of the trial, and excerpts from the prosecutor's argument at the penalty stage of the trial. No other
portions of the trial record were offered. At the conclusion of the hearing, the trial court denied
relief. Appellant appeals from the order rendered.


Points of Error


 Appellant advances two points of error. He contends that the trial court erred in
refusing to grant relief after the habeas hearing thus exposing him to double jeopardy in violation
of (1) article I, section 14 of the Texas Constitution, and (2) the Fifth Amendment to the United
States Constitution.


Double Jeopardy


 The double jeopardy clause of the Fifth Amendment to the United States
Constitution protects against second prosecution after acquittal, protects against second prosecution
after conviction, and protects against multiple punishments for the same offense. See United
States v. Halper, 490 U.S. 435, 440 (1989); Illinois v. Vitale, 447 U.S. 410, 415 (1980); Watson
v. State, 900 S.W.2d 60, 61 (Tex. Crim. App. 1995).

 The Fifth Amendment is applicable to the states through the Fourteenth
Amendment. See Breed v. Jones, 421 U.S. 519, 532 (1975); Benton v Maryland, 395 U.S. 784,
794 (1969); Benard v. State, 481 S.W.2d 427, 429 (Tex. Crim. App. 1972) (op. on reh'g). 
Conceptually, the state and federal double jeopardy provisions are identical. See Ex parte
Mitchell, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997); Stephens v. State, 806 S.W.2d 812,
814-15 (Tex. Crim. App. 1990); Phillips v. State, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App.
1990); Ex parte Busby, 921 S.W.2d 389, 392 (Tex. App.--Austin 1996, pet. ref'd). The Texas
double jeopardy provision (art. I, § 14, Tex. Const.) does not give greater rights or protection
than the Fifth Amendment. See Washington v. State, 946 S.W.2d 912, 913-14 (Tex.
App.--Austin 1997, pet. ref'd).


The Jury Argument


 On appeal appellant does not complain about the introduction of the evidence of the 
extraneous unadjudicated offenses at the penalty stage of the trial, (1) but contends that jeopardy
attached for the extraneous offenses when the prosecutor asked the jury to punish appellant for the
instant offenses as well as the extraneous offenses and the jury did so. Appellant relies upon
Rogers v. Lynaugh, 848 F.2d 606 (5th Cir. 1988), which held that the State committed
constitutional error in its jury argument at the penalty stage of a Texas trial by asserting the
current robbery offense and three prior convictions were each "worth at least 10 years" and that
if 10 years was allocated to each offense "you would come up with 40." Out of many penalty
options, the jury assessed 40 years in prison as requested. The court concluded that the State was
necessarily urging punishment for the current offense and additional punishment for the three final
prior convictions. Such action was in violation of the double jeopardy provisions of the Fifth
Amendment and could not be considered harmless error. Id. at 610.

 The State seeks to distinguish Rogers by pointing out that the instant case involves 
unadjudicated offenses, not prior convictions, that the prosecutor could properly argue
consideration of extraneous offenses in the assessment of punishment, and that the jury's
assessment of punishment was not in accordance with that requested by the State.


Ready for Consideration?


 We must now determine if appellant's contentions about double jeopardy violations
are ripe for consideration.


Pretrial Application for Writ


 Appellant's pretrial application for a writ of habeas corpus is an appropriate method
to present a Fifth Amendment or an article I, section 14 constitutional claim of a violation of the
double jeopardy guarantees. See State v. Lara, 924 S.W.2d 198, 202 (Tex. App.--Corpus Christi
1996, no pet.); see also Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991);
Stephens, 806 S.W.2d at 814; Ex parte Robinson, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982);
Ex parte Carter, 849 S.W.2d 410, 413 (Tex. App.--San Antonio 1993, pet. ref'd).


Burden of Proof


 An applicant for a pretrial writ of habeas corpus who makes an allegation of double
jeopardy has the burden of presenting sufficient evidence to establish his claim. See Ex parte
Culver, 932 S.W.2d 207, 212 (Tex. App.--El Paso 1996, pet. ref'd); see also Kimes v. State, 872
S.W.2d 700, 703 (Tex. Crim. App. 1993); Ramirez v. State, 916 S.W.2d 32, 33 (Tex.
App.--Houston [1st Dist.] 1995, no pet.); Hoang v. State, 810 S.W.2d 6, 8 (Tex. App.--Dallas
1991), aff'd, 872 S.W.2d 694 (Tex. Crim. App. 1993), cert. denied, 315 U.S. 863 (1994).

 If the trial court denies relief to a habeas corpus applicant, the applicant has the
burden of presenting an appellate record sufficient to show that the trial court erred; in the absence
of a complete record, an appellate court is not in a position to overrule the trial court. See Kaman
v. State, 923 S.W.2d 129, 132 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 As noted, to sustain his burden at the habeas hearing, appellant offered the two
indictments and excerpts from B.R.'s testimony and the prosecutor's jury argument. No judgment
or sentence, no jury charges, no jury verdicts, or any other portion of record in cause number 97-630-K277 were offered into evidence. No request was made for the trial court to take judicial
notice of any of the records. See Kaman, 923 S.W.2d at 131-32. There were no requests for the
State to stipulate. Appellant has not sustained the burden assigned him.

 The State, not appellant, notes that appellant is appealing his conviction in cause
number 97-630-K277 to this Court. It is not proper, however, for an appellate court to look to
another appellate record to supply a deficiency in the proof of another case under consideration
on appeal. See Berrios-Torres v. State, 802 S.W.2d 91, 95 n.3 (Tex. App.--Austin 1990, no pet.)
(citing Garza v. State, 622 S.W.2d 85, 89-90 (Tex. Crim. App. 1981) (op. on reh'g)); see also
Jones v. State, 711 S.W.2d 634, 636 n.1 (Tex. Crim. App. 1986); Jones v. State, 931 S.W.2d 35,
38 n.1 (Tex. App.--Houston [1st Dist.] 1996, no pet.). Thus, we cannot look to another record
to supply the deficiencies in this record. 


No Final Conviction


 If the conviction in cause number 97-630-K277 is pending appeal, it is not a final
conviction. An accused cannot successfully claim that he has already been punished for the same
offense in a prior proceeding unless the judgment in the prior proceeding has become final. See
Clarke v. State, 928 S.W.2d 709, 721 (Tex. App.--Fort Worth 1996, pet. ref'd); Marr v. State,
689 S.W.2d 290, 292 (Tex. App.--Waco 1985, pet. ref'd). An accused must first suffer jeopardy
before he can suffer "double jeopardy." Ex parte Garcia, 927 S.W.2d 787, 788-89 (Tex.
App.--Austin 1996, no pet.) (citing Serfass v. United States, 420 U.S. 377, 393 (1995); Ex parte
McAfee, 761 S.W.2d 771, 772 (Tex. Crim. App. 1988)); see also Ex parte Cantu, 913 S.W.2d
701, 705 (Tex. App.--San Antonio 1995, pet. ref'd).

 In Clarke, the defendant presented the same contention as appellant does here. 
There, the court wrote:


 Clarke also argues that jeopardy attached for the extraneous offense during the first
punishment phase of the trial for this offense when the prosecutor asked the jury
to punish him based on this offense and the extraneous offense. However, "[i]n
order for there to be any double jeopardy bar to [a] second prosecution under the
double jeopardy guarantee against multiple punishment, appellant has to have
already been punished once."



Id. 928 S.W.2d at 721 (quoting Broxton, 888 S.W.2d at 25).


Conclusion


 Appellant did not sustain his burden at the habeas hearing before the trial court, did
not present a sufficient record on appeal to show that the trial court erred, and has made no
showing that cause number 97-630-K277 is a final conviction. Appellant's first and second points
of error are overruled.

 The order denying habeas corpus relief is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Patterson and Onion*

Affirmed

Filed: March 11, 1999

Publish










* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Code Crim. Proc. Ann art. 37.07, § 3(a) (West Supp. 1999). The mere consideration
by a jury of an extraneous sexual assault when assessing punishment for a charged offense does not
amount to a trial, conviction, or punishment for the extraneous sexual assault. See Broxton v. State,
866 S.W.2d 711, 714 (Tex. App.--Houston [14th Dist.] 1993), aff'd, Ex parte Broxton, 888 S.W.2d
23 (Tex. Crim. App. 1994), cert. denied, 515 U.S. 1145 (1995) (emphasis in original); see also
McDuff v. State, 939 S.W.2d 607, 621 (Tex. Crim. App. 1997); Ex parte Smith, 884 S.W.2d 551, 554
(Tex. App.--Austin 1994, no pet.); Smith v. State, 842 S.W.2d 401, 404 (Tex. App.--Fort Worth
1992, pet. ref'd). The rationale underlying these decisions has been earlier discussed. See Broxton,
888 S.W.2d at 27.



 to another record
to supply the deficiencies in this record. 


No Final Conviction


 If the conviction in cause number 97-630-K277 is pending appeal, it is not a final
conviction. An accused cannot successfully claim that he has already been punished for the same
offense in a prior proceeding unless the judgment in the prior proceeding has become final. See
Clarke v. State, 928 S.W.2d 709, 721 (Tex. App.--Fort Worth 1996, pet. ref'd); Marr v. State,
689 S.W.2d 290, 292 (Tex. App.--Waco 1985, pet. ref'd). An accused must first suffer jeopardy
before he can suffer "double jeopardy." Ex parte Garcia, 927 S.W.2d 787, 788-89 (Tex.
App.--Austin 1996, no pet.) (citing Serfass v. United States, 420 U.S. 377, 393 (1995); Ex parte
McAfee, 761 S.W.2d 771, 772 (Tex. Crim. App. 1988)); see also Ex parte Cantu, 913 S.W.2d
701, 705 (Tex. App.--San Antonio 1995, pet. ref'd).

 In Clarke, the defendant presented the same contention as appellant does here. 
There, the court wrote:


 Clarke also argues that jeopardy attached for the extraneous offense during the first
punishment phase of the trial for this offense when the prosecutor asked the jury
to punish him based on this offense and the extraneous offense. However, "[i]n
order for there to be any double jeopardy bar to [a] second prosecution under the
double jeopardy guarantee against multiple punishment, appellant has to have
already been punished once."



Id. 928 S.W.2d at 721 (quoting Broxton, 888 S.W.2d at 25).


Conclusion


 Appellant did not sustain his burden at the habeas hearing before the trial court, did
not present a sufficient record on appeal to show that the trial court erred, and has made no
showing that cause number 97-630-K277 is a final conviction. Appellant's first and second points
of error are overruled.

 The order denying habeas corpus relief is affirmed.