Quincy Wayne JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–01170–CR.

Court of Appeals of Texas,
Houston, (1st Dist.).

Sept. 19, 1996.

Rehearing Overruled Oct. 23, 1996.

---

1. In his mandamus proceeding, French did not ask for an extension of time to file the transcript.

**36**

Robert A. Monks, Galveston, for Appellant.

Warren Goodson, Michael J. Guarino, Galveston, for Appellee.

Before COHEN, MIRABAL and ANDELL, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of aggravated robbery, and the trial judge assessed punishment of 20 years in prison. Appellant challenges (1) the sufficiency of the evidence and (2) the trial court's denial of his requested jury charge on the offense of aggravated assault. We affirm.

### *DEGARMO* DOCTRINE

■ Relying on the *DeGarmo* doctrine, the State contends that appellant waived these complaints by admitting his guilt at his sentencing hearing. *DeGarmo v. State*, 691 S.W.2d 657, 660–61 (Tex.Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). We agree.

The trial judge assessed punishment. Appellant testified at the punishment phase, but repeatedly denied shooting the complainant. At the conclusion of evidence at the punishment phase, the trial judge stated that he intended to assess appellant's punishment at 20 years in prison. He then recessed the hearing until the next morning.

The next morning the following transpired:
COURT: This is the State of Texas versus Quincy Wayne Jones.

Mr. Jones, you are here for sentencing for a case tried earlier this week. You are also here on State's Motion to Revoke Probation filed in two cases you are on probation for.

The first case is 93CR165, and State filed a motion to revoke in that case alleging you were placed on probation the 16th day of November, 1993, for the offense of possession of cocaine, given eight years probation; that you violated the terms and conditions of that probation in that on or about the 9th day of October, 1994, did intentionally, knowingly discharge a firearm in a public place[;] **on or about the 21st of November, 1994; in Galveston County, Texas, did then, while in the course of committing theft of property, to-wit: a bicycle, with intent to obtain and maintain control of property, intentionally cause serious bodily injury to Tony Irvine by shooting him with a firearm;** failed to report for the months of June, July, September, October, 1994, behind in payment for a certain number of fees; that you tested positive for cocaine and marijuana on November 17, 1994.

Do you understand what that's all about?

JONES: Yes.

COURT: Have you been provided with a copy of the State's Motion to Revoke? It looks like that.

. . . .

JONES: Yes.

COURT: **How do you plead to the State's Motion to Revoke in that case, 93CR165; true or not true?**

JONES: **True.**

COURT: Is there a stipulation of evidence in that case?

STATE: Did you go over this with your attorney?

JONES: Uh-huh.

STATE: Did you read it and sign it here?

JONES: Yes.

STATE: Did you sign it freely and voluntarily?

JONES: Yes.

STATE: Did you understand what you did?

JONES: Yes.

STATE: I would offer State's One.

COUNSEL: No objection.

COURT: It will be received and approved.

The second case is 93CR1124. In this case it's alleged that, again, you were placed on probation November 16, 1993 in this case for the offense of possession of cocaine, accorded eight years probation; **that you violated the probation, again, on the same basis just alleged on the other case,** discharge of a firearm in a

public place on October 9, 1994; **engaged in robbery November 21, 1994;** failed to report to the probation office in June, July, September, October, 1994; failed to pay certain fees.

Again, I will show you a Motion to Revoke Probation 93CR1124 and ask if you have been served with a copy of that?

JONES: Yes.

COURT: **How do you plead to the State's Motion to Revoke in that case: True or not true?**

JONES: **True.**

COURT: Is there a stipulation of evidence?

STATE: I will show you the stipulation of evidence and ask you if you have read it?

JONES: Yes, I did.

STATE: You signed this?

JONES: Yes.

STATE: Went over it with your attorney?

JONES: Yes.

STATE: And you understand you are admitting to what it says in the allegation?

JONES: Yes.

STATE: Offer State's One.

COUNSEL: No objection.

COURT: It will be received and approved.

(Emphasis added.)

In the two probation cases, appellant signed identical stipulations, which provided:

Comes now the Defendant in the above entitled and number [sic] cause, joined by my counsel, and states that I understand the Court's Admonitions and am aware of the consequences of my plea. I further state that I am mentally competent and that my plea is freely and voluntarily made.... I completely understand all of the written waivers, stipulations and motions herein stated in connection with the plea, and each was done freely, voluntarily, and intelligently....

... Understanding and agreeing to all of the above, I further state that I have read and my attorney has explained to me the motion to revoke community supervision filed in this cause.... I freely and voluntarily plead TRUE to said motion and admit to having committed the violations

alleged therein, excluding the following numbered allegations, to-wit: [blank].

In cause number 93CR165, the words "eight years TDCJ–ID" are written into the space following the colon. This was not an exclusion of any allegations in the motion to revoke, but rather is simply data entered in the wrong space. Those words were obviously intended to go into the space in the previous paragraph of the stipulation, where a blank is left for the parties to insert the mutually agreed punishment in the cause, which was eight years in prison. In cause 93CR1124, the form is filled in correctly and a complete blank is left in the spot where appellant could have excluded from his plea of true any particular allegations in the motion to revoke.

Next, the trial judge rendered judgment against appellant on the jury's verdict of guilty on the aggravated robbery offense and sentenced him to 20 years in prison. The trial judge concluded the hearing by revoking appellant's probations and sentencing him to eight years in prison for each offense.

In *DeGarmo*, the defendant challenged the sufficiency of the evidence, and the court held that, by admitting guilt at the punishment stage of his capital murder trial, he had entered the equivalent of a guilty plea and thus waived his challenge to the sufficiency of the evidence and any error that might have occurred during the guilt stage of the trial. 691 S.W.2d at 660–61. Recently in *McGlothlin v. State*, 896 S.W.2d 183 (Tex. Crim.App.1995), the court reaffirmed the rule, stating:

The *DeGarmo* doctrine has been described as a "common-sense rule of procedure" because "the function of trial is to sift out the truth from a mass of contradictory evidence." Stated another way, "The basic purpose of a trial is the determination of truth." When the defendant testifies and judicially confesses to the charged offense, the purpose of the trial process has been served—the truth has been determined and the purpose of the guilt/innocence phase of the trial has been satisfied. No reversible error should occur where the

defendant has satisfied the necessity of the trial process.

*Id.* at 187 (citations and footnote omitted).

■ The proceedings quoted above show that the robbery used to revoke probation in at least one of those probations, cause no. 93CR165, is the same robbery that appellant was charged with in the present case.[1] As read aloud by the trial judge, the allegation in the motion to revoke in cause number 93CR165 tracks the language of the indictment in the case at bar. Thus, by pleading "true" to that motion to revoke, appellant judicially confessed to the crime he is charged with in the case at bar.[2] Appellant then pled "true" to the second revocation motion, which alleged he "engaged in robbery November 21, 1994." Thus, he admitted those allegations, allegations the trial judge characterized as "the same" as those in the first revocation motion, which tracked the language of the present indictment. Because appellant judicially confessed to the charged offense, he cannot prevail.

We recognize that appellant had earlier repeatedly denied "shooting" the complainant.[3] However, appellant subsequently, on the day of sentencing, specifically admitted that he did "intentionally cause serious bodily injury to Tony Irvin by shooting him with a firearm." This is the equivalent of a guilty plea under *DeGarmo.*

■ We believe the *DeGarmo* rule was meant for cases like this.[4] Although often called a rule of waiver, the *DeGarmo* rule is more like a rule of harmless error. An error might be harmful when it occurs, but if the defendant's subsequent judicial confession has made the same result inevitable upon retrial, then the error has been cured. There is no relief that can be given. *See Gann v. State,* 818 S.W.2d 69, 71 (Tex.App.—Houston [1st Dist.] ), *pet. ref'd,* 825 S.W.2d 466 (Tex.Crim.App.1992). In *Gann,* no effective relief was possible on a claim of ineffective assistance of counsel because the evidence to which counsel should have objected would have been admissible upon retrial, as a result of a subsequent change in the law.

1. As a general rule, the appellate record in one case cannot be used in another case. *Jones v. State,* 711 S.W.2d 634, 636 n. 1 (Tex.Crim.App. 1986); *Miracle v. State,* 604 S.W.2d 120, 123 (Tex.Crim.App.1980); *see also Farris v. State,* 712 S.W.2d 512, 515–16 (Tex.Crim.App.1986) (allowing use of record from another case *"only if the documents or testimony in the separate case originally could have been included in the record on appeal"*) (emphasis in original). Here, the oral proceedings and written stipulations on the two motions to revoke are in this appellate record because they transpired during trial court proceedings of this case. Thus, there is no need to consult the record of another case.

2. *See Dinnery v. State,* 592 S.W.2d 343, 352, 353 n. 7 (Tex.Crim.App.1979) ("[J]udicial confessions are confessions made in a legal proceeding.... We cannot say that when the indictment is read to the defendant on the witness stand and he states the allegations therein are true and correct the interrogation does not constitute a judicial confession."); *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. [Panel Op.] 1979) (A defendant's plea of "true" to an allegation that she violated a condition of her probation was sufficient, standing alone, to withstand her challenge that the evidence was insufficient to support the revocation of probation.); *Dinn v. State,* 570 S.W.2d 910, 915–16 (Tex.Crim.App. [Panel Op.] 1978) (A defendant who enters a plea of "true" to enhancement paragraphs of an indictment at the punishment stage of trial cannot be heard to complain the evidence is insufficient to support the enhancement allegations.); *Franco v. State,* 552 S.W.2d 142, 144 (Tex.Crim.App.1977) ("Judicial confessions are those which are made before the magistrate, or court, in the due course of legal proceedings.").

3. That is not a denial of this particular offense, however. The jury charge authorized appellant's conviction as a party to the offense; thus, the State did not have to prove that appellant shot the complainant. A denial of "shooting" is a denial of appellant's guilt as a principal to this robbery, but it is not a denial of his guilt as a party. Rather, it is merely a circumstance possibly supporting a more lenient punishment than if appellant had pulled the trigger. Moreover, the charge authorized appellant's conviction, both as a principal and as a party, if he merely threatened Tony Irvin with bodily injury; no "shooting" is required for that.

4. Justices of this court, including me, have asserted the unconstitutionality of applying the *DeGarmo* rule to affirm a case if the evidence at the guilt stage was legally insufficient and the defendant's motion for directed verdict was erroneously denied. *Herbert v. State,* 827 S.W.2d 507, 508 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Winter v. State,* 725 S.W.2d 728, 731–34 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (Cohen, J., concurring). The evidence here was sufficient, however.

818 S.W.2d at 71. In this case, no effective relief is possible because even if appellant were retried and received the lesser included offense instruction he seeks, he would inevitably be found guilty of aggravated robbery because of a change in the facts—the creation of his multiple judicial confessions.

We overrule all points of error.

We affirm the judgment.