**Ex parte Jose GUTIERREZ, Appellant.**

No. 03–98–00346–CR.

Court of Appeals of Texas,
Austin.

March 11, 1999.

Rehearing Overruled April 8, 1999.

Michael C. Gross, San Antonio, for Appellant.

Ken Anderson, Dist. Atty., John M. Bradley, Asst. Dist. Atty., Georgetown, for State.

Before Justices JONES, PATTERSON and ONION.*

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by as-

JOHN F. ONION, Jr., Justice (Retired).

This is an appeal from an order denying relief following a pretrial application for writ of habeas corpus. The application was based on a claim of violations of the double jeopardy provisions of the Fifth Amendment to the United States Constitution and article I, section 14 of the Texas Constitution. *See also* Tex.Code Crim. Proc. Ann. art. 1.10 (West 1977).

### Habeas Application

In his habeas application, appellant Jose Gutierrez alleged that he was charged by indictment in cause number 97–630–K277 with three counts of aggravated sexual assault of a child and two counts of indecency with a child—N.R.; that he was convicted in said cause number in April 1998 in the 277th District Court of Williamson County of two counts of aggravated sexual assault of a child and two counts of indecency with a child; that the jury assessed his punishment at 50 years' imprisonment for each of the aggravated sexual assault offenses and 20 years' imprisonment for each of the indecency offenses; and that he is also charged by indictment in cause number 97–631–K277 with one count of aggravated sexual assault of a child and two counts of indecency with a child— B.R.

Appellant also alleged that at his trial in cause number 97–630–K277 where N.R. was the complainant, B.R. testified at the penalty stage as to extraneous unadjudicated acts committed on her by appellant, which were the very acts or offenses alleged in the second indictment—cause number 97–631–K277; that in the subsequent jury argument the prosecutor repeatedly asked the jury to punish appellant for the acts committed against N.R., but also for the extraneous offenses committed against B.R.; and that it was obvious from the harsh punishment assessed that the jury followed the prosecutor's request and assessed punishment for offenses against both N.R. and B.R. Appellant argued in his habeas application that to put him to

signment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

trial in cause number 97–631–K277 would place him in double jeopardy because he had already been assessed punishment for all the offenses allegedly committed against B.R.

## The Hearing

The trial court issued the writ and conducted a hearing to determine if appellant was entitled to the relief requested—discharge from confinement by virtue of cause number 97–631–K277. At the hearing, appellant called no witnesses but introduced into evidence the two indictments, excerpts from the testimony of B.R. at both the guilt/innocence and penalty stages of the trial, and excerpts from the prosecutor's argument at the penalty stage of the trial. No other portions of the trial record were offered. At the conclusion of the hearing, the trial court denied relief. Appellant appeals from the order rendered.

## Points of Error

Appellant advances two points of error. He contends that the trial court erred in refusing to grant relief after the habeas hearing thus exposing him to double jeopardy in violation of (1) article I, section 14 of the Texas Constitution, and (2) the Fifth Amendment to the United States Constitution.

## Double Jeopardy

The double jeopardy clause of the Fifth Amendment to the United States Constitution protects against second prosecution after acquittal, protects against second prosecution after conviction, and protects against multiple punishments for the same offense. *See United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Watson v. State,* 900 S.W.2d 60, 61 (Tex.Crim.App. 1995).

The Fifth Amendment is applicable to the states through the Fourteenth Amendment. *See Breed v. Jones,* 421 U.S. 519, 532, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Benard v. State,* 481 S.W.2d 427, 429 (Tex.Crim.App.1972) (op. on reh'g). Conceptually, the state and federal double jeopardy provisions are identical. *See Ex parte Mitchell,* 977 S.W.2d 575, 580 (Tex.Crim.App.1997); *Stephens v. State,* 806 S.W.2d 812, 814–15 (Tex.Crim.App.1990); *Phillips v. State,* 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990); *Ex parte Busby,* 921 S.W.2d 389, 392 (Tex.App.—Austin 1996, pet. ref'd). The Texas double jeopardy provision (art. I, § 14, Tex. Const.) does not give greater rights or protection than the Fifth Amendment. *See Washington v. State,* 946 S.W.2d 912, 913–14 (Tex.App.—Austin 1997, pet. ref'd).

## The Jury Argument

On appeal appellant does not complain about the introduction of the evidence of the extraneous unadjudicated offenses at the penalty stage of the trial,[1] but contends that jeopardy attached for the extraneous offenses when the prosecutor asked the jury to punish appellant for the instant offenses as well as the extraneous offenses and the jury did so. Appellant relies upon *Rogers v. Lynaugh,* 848 F.2d 606 (5th Cir.1988), which held that the State committed constitutional error in its jury argument at the penalty stage of a Texas trial by asserting the current robbery offense and three prior convictions were each "worth at least 10 years" and that if 10 years was allocated to each offense "you would come up with 40." Out of many penalty options, the jury assessed 40 years in prison as requested. The court concluded

---

1. *See* Tex.Code Crim. Proc. Ann art. 37.07, § 3(a) (West Supp.1999). The mere consideration by a jury of an extraneous sexual assault when assessing punishment for a charged offense does not amount to a trial, conviction, *or punishment* for the extraneous sexual assault. *See Broxton v. State,* 866 S.W.2d 711, 714 (Tex.App.—Houston [14th Dist.] 1993), *aff'd, Ex parte Broxton,* 888 S.W.2d 23 (Tex.Crim.App.1994), *cert. denied,* 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995) (emphasis in original); *see also McDuff v. State,* 939 S.W.2d 607, 621 (Tex.Crim.App.1997); *Ex parte Smith,* 884 S.W.2d 551, 554 (Tex.App.—Austin 1994, no pet.); *Smith v. State,* 842 S.W.2d 401, 404 (Tex.App.—Fort Worth 1992, pet. ref'd). The rationale underlying these decisions has been earlier discussed. *See Broxton,* 888 S.W.2d at 27.

that the State was necessarily urging punishment for the current offense and additional punishment for the three final prior convictions. Such action was in violation of the double jeopardy provisions of the Fifth Amendment and could not be considered harmless error. *Id.* at 610.

The State seeks to distinguish *Rogers* by pointing out that the instant case involves unadjudicated offenses, not prior convictions, that the prosecutor could properly argue consideration of extraneous offenses in the assessment of punishment, and that the jury's assessment of punishment was not in accordance with that requested by the State.

### Ready for Consideration?

We must now determine if appellant's contentions about double jeopardy violations are ripe for consideration.

### Pretrial Application for Writ

■ Appellant's pretrial application for a writ of habeas corpus is an appropriate method to present a Fifth Amendment or an article I, section 14 constitutional claim of a violation of the double jeopardy guarantees. *See State v. Lara,* 924 S.W.2d 198, 202 (Tex. App.—Corpus Christi 1996, no pet.); *see also Apolinar v. State,* 820 S.W.2d 792, 794 (Tex. Crim.App.1991); *Stephens,* 806 S.W.2d at 814; *Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App.1982); *Ex parte Carter,* 849 S.W.2d 410, 413 (Tex.App.—San Antonio 1993, pet. ref'd).

### Burden of Proof

■ An applicant for a pretrial writ of habeas corpus who makes an allegation of double jeopardy has the burden of presenting sufficient evidence to establish his claim. *See Ex parte Culver,* 932 S.W.2d 207, 212 (Tex.App.—El Paso 1996, pet. ref'd); *see also Ex Parte Kimes,* 872 S.W.2d 700, 703 (Tex. Crim.App.1993); *Ramirez v. State,* 916 S.W.2d 32, 33 (Tex.App.—Houston [1st Dist.] 1995, no pet.); *Hoang v. State,* 810 S.W.2d 6, 8 (Tex.App.—Dallas 1991), *aff'd,* 872 S.W.2d 694 (Tex.Crim.App.1993), *cert. denied,* 513 U.S. 863, 115 S.Ct. 177, 130 L.Ed.2d 112 (1994).

■ If the trial court denies relief to a habeas corpus applicant, the applicant has the burden of presenting an appellate record sufficient to show that the trial court erred; in the absence of a complete record, an appellate court is not in a position to overrule the trial court. *See Kaman v. State,* 923 S.W.2d 129, 132 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

As noted, to sustain his burden at the habeas hearing, appellant offered the two indictments and excerpts from B.R.'s testimony and the prosecutor's jury argument. No judgment or sentence, no jury charges, no jury verdicts, or any other portion of record in cause number 97–630–K277 were offered into evidence. No request was made for the trial court to take judicial notice of any of the records. *See Kaman,* 923 S.W.2d at 131–32. There were no requests for the State to stipulate. Appellant has not sustained the burden assigned him.

■ The State, not appellant, notes that appellant is appealing his conviction in cause number 97–630–K277 to this Court. It is not proper, however, for an appellate court to look to another appellate record to supply a deficiency in the proof of another case under consideration on appeal. *See Berrios–Torres v. State,* 802 S.W.2d 91, 95 n. 3 (Tex.App.—Austin 1990, no pet.) (citing *Garza v. State,* 622 S.W.2d 85, 89–90 (Tex.Crim.App.1981) (op. on reh'g)); *see also Jones v. State,* 711 S.W.2d 634, 636 n. 1 (Tex.Crim.App.1986); *Jones v. State,* 931 S.W.2d 35, 38 n. 1 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Thus, we cannot look to another record to supply the deficiencies in this record.

### No Final Conviction

■ If the conviction in cause number 97–630–K277 is pending appeal, it is not a final conviction. An accused cannot successfully claim that he has already been punished for the same offense in a prior proceeding unless the judgment in the prior proceeding has become final. *See Clarke v. State,* 928 S.W.2d 709, 721 (Tex.App.—Fort Worth 1996, pet. ref'd); *Marr v. State,* 689 S.W.2d 290, 292 (Tex.App.—Waco 1985, pet. ref'd). An accused must first suffer jeopardy before

he can suffer "double jeopardy." *Ex parte Garcia,* 927 S.W.2d 787, 788–89 (Tex.App.—Austin 1996, no pet.) (citing *Serfass v. United States,* 420 U.S. 377, 393, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Ex parte McAfee,* 761 S.W.2d 771, 772 (Tex.Crim.App.1988)); *see also Ex parte Cantu,* 913 S.W.2d 701, 705 (Tex.App.—San Antonio 1995, pet. ref'd).

In *Clarke,* the defendant presented the same contention as appellant does here. There, the court wrote:

> Clarke also argues that jeopardy attached for the extraneous offense during the first punishment phase of the trial for this offense when the prosecutor asked the jury to punish him based on this offense and the extraneous offense. However, "[i]n order for there to be any double jeopardy bar to [a] second prosecution under the double jeopardy guarantee against multiple punishment, appellant has to have already been punished once."

*Id.* 928 S.W.2d at 721 (quoting *Broxton,* 888 S.W.2d at 25).

### Conclusion

Appellant did not sustain his burden at the habeas hearing before the trial court, did not present a sufficient record on appeal to show that the trial court erred, and has made no showing that cause number 97–630–K277 is a final conviction. Appellant's first and second points of error are overruled.

The order denying habeas corpus relief is affirmed.