Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00468-CR

**EX PARTE** Richard M. **LOPEZ**

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR5395
Honorable Ron Rangel, Judge Presiding

Opinion by:  Steven C. Hilbig, Justice

Sitting:  Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 14, 2011

AFFIRMED

Richard M. Lopez was previously convicted of two counts of sexual assault in the 379th Judicial District Court in cause number 2009-CR-5572.  He appealed the judgment to this court, and we affirmed the convictions.  *See Lopez v. State*, No. 04-10-00562-CR, 2011 WL 3847241 (Tex. App.—San Antonio Aug. 31, 2011, no pet. h.).

Lopez subsequently filed a pre-trial application for writ of habeas corpus claiming that prosecuting him for the sexual assault of a different victim under trial cause number 2009-CR-5395 subjects him to multiple punishments for the same offense.  He argues that prosecution under cause number 2009-CR-5395 is barred by double jeopardy because the factual basis for the prosecution was used as punishment evidence during the trial of cause number 2009-CR-5572.

In that case, the prosecutor urged the jury to punish Lopez not only for the offense on trial, but also for the sexual assault of the victim in cause number 2009-CR-5395. The trial court denied Lopez habeas relief and Lopez appeals. We affirm.

Double jeopardy protects an accused from a second prosecution after an acquittal or conviction, and against multiple punishments for the same offense. *Ex parte Gutierrez*, 987 S.W.2d 227, 229 (Tex. App.—Austin 1999, pet. ref'd). However, it is a "fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy." *Serfass v. U.S.*, 420 U.S. 377, 393 1975). "An accused cannot successfully claim that he has already been punished for the same offense in a prior proceeding unless the judgment in the prior proceeding has become final." *Gutierrez*, 987 S.W.2d at 230; *see also Clarke v. State*, 928 S.W.2d 709, 721 (Tex. App.—Fort Worth 1996, pet. ref'd) (same, quoting *Marr v. State*, 689 S.W.2d 290, 292 (Tex. App.—Waco 1985, pet. ref'd)).

Lopez did not sustain his burden at the habeas hearing. He presented no evidence and has not demonstrated the conviction in cause number 2009-CR-5572 is final. Lopez's motion for rehearing in the appeal of that conviction was denied on November 22, 2011. The time for filing a petition for discretionary review in the Court of Criminal Appeals has not yet run. *See* TEX. R. APP. P. 68.2.

The order denying habeas corpus relief is affirmed.

Steven C. Hilbig, Justice

Do Not Publish