Opinion filed January 31, 2013



In The

# Eleventh Court of Appeals

No. 11-11-00037-CR

## CAROL JOHNENE MORRIS, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 441st District Court

Midland County, Texas

Trial Court Cause No. CR37161

## MEMORANDUM OPINION

The jury convicted Carol Johnene Morris, appellant, of the offense of theft in the amount of $1,500 or more but less than $20,000. Upon finding enhancement allegations to be true, the jury assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty years and a fine of $10,000. We reverse and render judgment vacating appellant's conviction on double jeopardy grounds based upon a previous conviction for the same offense.

The indictment alleged that, on or about October 5, 2009, appellant unlawfully acquired and exercised control over U.S. currency of the value of $1,500 or more but less than $20,000 from Manuel Valdez by deception without his effective consent with the intent to deprive him of the property. Trial commenced on the offense alleged in the indictment on November 3, 2010. The evidence offered at trial showed that appellant offered to sell the real property located at 501 South Tyler in Midland to Valdez for a total purchase price of $12,000. Valdez paid her $6,000 down on October 5, 2009, pursuant to a contract they executed for the sale of 501 South Tyler. The State also offered evidence that appellant had previously conveyed two vacant lots to Valdez on September 28, 2009, for a total purchase price of $3,000 that Valdez paid her on that date.

An attorney at a title company subsequently informed Valdez that appellant was unable to convey the properties to him because she only owned a partial interest of approximately 16.67% in the properties. Valdez sent a demand letter to appellant dated October 15, 2009, demanding the return, within ten days, of the $9,000 that he had paid her for the three properties. Valdez testified that appellant never returned that money.

Prior to trial, appellant filed a pretrial application for writ of habeas corpus alleging that her prosecution for the charged offense was barred for double jeopardy purposes as a result of her previous conviction in trial court cause no. CR36894 for the same offense. Appellant presented her application to the trial court for consideration at a pretrial hearing conducted on October 26, 2010. The trial court subsequently denied appellant's application, and the case proceeded to trial.

## Double Jeopardy

Appearing pro se both at trial and on appeal, appellant raises the issue of double jeopardy in her point of error. We disagree with appellant's contention that the trial court erred in denying her pretrial application because her previous conviction was not final for double jeopardy purposes at the time she presented the application. However, we conclude that appellant's subsequent conviction in the underlying trial in this case can no longer stand after the previous conviction became final.

The Fifth Amendment's Double Jeopardy Clause, enforceable against the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST., amends. V, XIV; *see Ex parte Chaddock*,

369 S.W.3d 880, 882–83 (Tex. Crim. App. 2012); *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010). It protects an accused against the following: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Chaddock*, 369 S.W.3d at 882–83; *Weinn*, 326 S.W.3d at 192.

This case now involves an allegation of a second prosecution for the same offense after conviction. We are knowledgeable of the facts and circumstances occurring in appellant's previous conviction in trial court cause no. CR36894 because we issued an opinion in the case on February 9, 2012, in *Morris v. State*, No. 11-10-00249-CR, 2012 WL 424923 (Tex. App.—Eastland February 9, 2012, pet. ref'd) (mem. op., not designated for publication).

We previously reviewed the trial court's order denying appellant's application for writ of habeas corpus on double jeopardy grounds in *Morris v. State*, No. 11-10-00332-CR, 2011 WL 1818059 (Tex. App.—Eastland May 12, 2011, pet. ref'd) (mem. op., not designated for publication). Appellant appealed the trial court's order referenced in our Cause No. 11-10-00332-CR prior to her conviction on the underlying offense in trial court cause no. CR37161 (the present case). Based upon the limited record before us in our Cause No. 11-10-00332-CR, we concluded that the conviction in trial court cause no. CR36894 was not for the same offense as the one charged in trial court cause no. CR37161 because the indictments in each of the two trial court proceedings charged appellant with different offenses. *Morris*, 2011 WL 1818059, at *1.

The record before us in this appeal from trial court cause number CR37161 reveals that the trial court had an additional ground for denying appellant's double jeopardy claim prior to trial. The record from the pretrial hearing shows that the previous conviction in trial court cauese no. CR36894 was on appeal at the time of the hearing. A conviction is not final for double jeopardy purposes while it is pending on appeal. *Ex parte Gutierrez*, 987 S.W.2d 227, 230–31 (Tex. App.—Austin 1999, pet. ref'd). Accordingly, we remain correct in our previous determination that the trial court did not err in denying appellant's double jeopardy claim prior to trial.

In this appeal, the State asserts that appellant's double jeopardy claim must continue to fail because appellant did not make a sufficient record of "the substance of the previous trial." However, the State concludes its argument on appellant's double jeopardy claim with the following statement: "Having argued that double jeopardy is not an issue because Appellant did

3

not make a record, the State feels the need to advance to the court in candor that there may be an issue of double jeopardy in another proceeding where the record can be expanded." Additionally, the State supported this statement by citing four cases.

A cursory review of the citation information for our opinion affirming appellant's previous conviction reveals that the Texas Court of Criminal Appeals has refused appellant's petition for discretionary review, and we have issued mandate in the case. Accordingly, appellant's previous conviction is now final for double jeopardy purposes. The State's candid statement concerning a potential double jeopardy problem, coupled with our knowledge of the previous conviction's finality, raises a significant concern to this court pertaining to appellant's double jeopardy claim.

Citing *Garza v. State*, 622 S.W.2d 85, 89–90 (Tex Crim. App. 1981), the State contends that an appellate court cannot look to another appellate record to supply a deficiency in the proof of another case under consideration on appeal. *See also Gutierrez*, 987 S.W.2d at 230. We agree with the State's contention in principle. However, the holdings in *Garza* and *Gutierrez* are distinguishable because, in addition to reviewing an appellate record from the previous conviction, we have issued a detailed, written opinion affirming appellant's previous conviction. Among other things, we evaluated the sufficiency of the evidence in our opinion and upheld appellant's previous conviction after extensively addressing the evidence in our previous opinion. Under the unique facts of this appeal, we conclude that it is permissible for this court to consider the contents of our previous opinion in resolving appellant's double jeopardy claim.

The cases cited by the State stand for the proposition that, when an indictment permits the State to obtain only one conviction, a defendant is not placed in jeopardy for more than one criminal act unless the State offers multiple instances of conduct in support of the indictment. *Ex parte Goodbread*, 967 S.W.2d 859, 861 (Tex. Crim. App. 1998). "If evidence of more than one offense is admitted and a conviction for either could be had under the indictment, and neither the State nor the court elects, a plea of former conviction is good upon a prosecution based upon one of said offenses, it being uncertain for which one the conviction was had." *Walker v. State*, 473 S.W.2d 499, 500 (Tex. Crim. App. 1971).

The State charged appellant in the previous conviction with one instance of theft occurring on or about September 28, 2009.[1] Our opinion affirming the previous conviction

---

[1] A copy of the indictment from the previous conviction is included in the appellate record in this appeal.

shows that the State presented evidence of two instances of conduct constituting the charged offense of theft, one occurring with the sale of the vacant lots on September 28, 2009, and the other occurring with the real property located at 501 South Tyler on October 5, 2009. Our previous opinion shows further that the State did not make an election of which instance upon which it relied to obtain the previous conviction. The absence of an election is evidenced by the fact that we addressed both instances in reviewing the sufficiency of the evidence supporting appellant's previous conviction. *Morris*, 2012 WL 424923, at *2–4. Accordingly, appellant was placed in jeopardy for both criminal acts in the previous trial. Furthermore, her claim of double jeopardy for both offenses is now mature after she exhausted the appeal of her previous conviction. Appellant's first point of error is sustained. We need not address her other points because our resolution of her first point is dispositive of this appeal.

### This Court's Ruling

The judgment of the trial court is reversed. We render judgment vacating appellant's conviction in trial court cause no. CR37161. *See Ball v. United States*, 470 U.S. 856, 864 (1985) (The appropriate remedy for a double jeopardy violation is to vacate one of the convictions.).


PER CURIAM


January 31, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.