Opinion issued May 11, 2023



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-22-00903-CR

## NO. 01-22-00904-CR

———————————

## EX PARTE MICHAEL D. SYKES, Appellant

---

### On Appeal from the 262nd District Court
### Harris County, Texas
### Trial Court Case No. 1791570, 1791571

---

## MEMORANDUM OPINION

Appellant Michael D. Sykes appeals from the trial court's order denying habeas relief and holding him without bail pending trial. Appellant argues that the trial court erred by denying bail after he violated bond conditions that had no relation to the safety of the community.

We affirm.

## Background

The limited record shows that appellant was initially indicted for forgery and bail set at $7,500, which was later increased to $50,000. Appellant was subsequently indicted for capital murder and bail set at $200,000. After appellant violated bond conditions, the State sought to revoke appellant's bonds. At a bail review hearing on January 6, 2022, the trial court considered the State's motion to revoke bail and review of bond violations.

### *January 6, 2022 Hearing*

At the start of the hearing, the State asked the trial court to take judicial notice of both the capital murder and the forgery charge and offered appellant's bond conditions as State's exhibit 1.

Ronald Grant, an employee with Sentinel Vendor Services, testified that he was familiar with GPS ankle monitoring records and that appellant received an ankle monitor in April 2021 to comply with curfew requirements. Grant testified that appellant had a curfew requiring him to be at home Monday through Friday, from 7:30 p.m. until 10 a.m. On Saturdays and Sundays, appellant was on home confinement. Grant testified that appellant's GPS monitoring showed that he did not comply with his curfew on multiple instances in December and one instance in January. Grant denied hearing from appellant that his ankle monitor was not working properly.

Jacqueline Castaneda, a pretrial officer for the electronic monitoring unit, testified that appellant had violated pretrial conditions of electronic monitoring. Castaneda agreed that from a review of the State's various exhibits, appellant was not in compliance with weekend home confinement requirements and that appellant had multiple unapproved enters and unapproved exits or leaves.

In his closing, appellant argued that unless his violations affected the safety of the community, he could not be held at no bond.

In its closing, the State argued that appellant was placed on four-year deferred adjudication in 2018 for the forgery offense, but he was charged with capital murder on November 1, 2019. After appellant was charged with capital murder, the State filed a motion to adjudicate the forgery offense. The State reminded the trial court that appellant had appeared before the court on October 25, 2021 for a bond violation report which had an explanation, so the trial court continued supervision. Appellant also appeared in November 2021 for another bond violation and appellant spent ten days in custody. The State contended that at the November 2021 hearing, the trial court told appellant that it would have zero tolerance and then within two weeks, appellant tested positive for drugs. The State pointed out that appellant would leave his home early and return home late, not complying with the curfew, and, on some days, he did not even go home. The State argued that the community was not safe and that appellant had shown that he could not be trusted to follow any rules.

3

At the end of hearing, the trial court stated that all the available resources had been exhausted as it related to monitoring appellant on bail and that "Your bail will be denied, raised to zero in each case."[1]

### *Application for Writ of Habeas Corpus*

On August 31, 2022, appellant filed a "Writ of Habeas Corpus to Reinstate Bond," alleging that his bond was revoked by the trial court for bond violations under Article 1, section 11b of the Texas Constitution. Appellant contended that any bond violations of curfew or drug testing did not warrant denial of bond because the violations had "no relation to the safety of the community or any potential danger that [appellant] may pose."

### *December 5, 2022 Hearing*

On December 5, 2022, the trial court heard appellant's writ application, and admitted the January 6, 2022 hearing transcript and the application for writ of habeas corpus into evidence. After the trial court admitted the exhibits, appellant rested, stating he had no witnesses or testimony to present.

In his closing, appellant asserted that the trial court previously revoked appellant's bond "based exclusively on violations of [appellant's] electronic monitor

---

[1]    The trial court also said that it was not considering anything as it related to the "positive possible test" that could have occurred on December 20, 2021. Testimony from the January 6, 2022 hearing indicated that appellant had tested positive for drugs twice.

4

and the curfew that the Court had in place as bond conditions, while he was on bond." Appellant argued that "electronic monitor violations do not meet the criteria of a threat to the community and that he is entitled to a bond based on the fact that even if he was in violation of his electronic monitor, even if he was in violation of his curfew, he was never accused of doing anything that was dangerous to the community and the Court should not have found that he did anything that was dangerous to the community that presented a threat to the community."

In its closing, the State clarified that appellant had been placed on a four-year deferred adjudication for forgery on March 29, 2018 and that while on probation, he was charged with capital murder on November 1, 2019, which then resulted in a motion to adjudicate in the forgery case. The State further recalled that appellant was not in compliance with his GPS conditions in October and November 2021. The State informed the trial court that it had previously told the parties that appellant would be held on zero tolerance. Despite the trial court's warning, appellant committed additional violations of GPS electronic monitoring, which resulted in the January 6, 2022 hearing. The State argued that for someone accused of capital murder with repeated bond violations, "it's important that we know where that person is at all times" and no other resources are "available to protect the community because we don't know where he is; and that presents a huge problem, especially given that we know he has a history of not following the Court's orders."

At the end of the December 5, 2022 hearing, the trial court stated,

> [Appellant] violated the terms and conditions of the bond. And it was related to the safety because it had to deal with the time in which he had the curfew. He had a curfew, which was a part of the conditions of bail. He failed to honor the terms and conditions of bail. The Court will deny then the Writ as presented.

The trial court signed an order denying appellant's writ of habeas corpus and certified appellant's right of appeal.

## Standard of Review

A trial court's ruling on a pretrial application for writ of habeas corpus is reviewed for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd). A reviewing court will not disturb a decision of the trial court if that decision is within the zone of reasonable disagreement. *Ex parte Tata*, 358 S.W.3d 392, 397 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd). We view the facts in the light most favorable to the trial court's ruling. *See Ex parte McIntyre*, 558 S.W.3d 295, 299 (Tex. App.—Fort Worth 2018, pet. ref'd). We will uphold the trial court's ruling if it is correct under any theory of law. *Id.*

## Appellate Record

When the trial court has denied relief to a habeas corpus applicant, the applicant has the burden of presenting an appellate record sufficient to show that the

trial court erred. *Ex Parte Gutierrez*, 987 S.W.2d 227, 230 (Tex. App.—Austin 1999, pet. ref'd). In the absence of a complete record, an appellate court is not in a position to overrule the trial court. *Id*.

Here, appellant has not sustained his burden because the record lacks the indictments, any orders setting bond and bond conditions, the State's motion to revoke bond, and any orders revoking bond. The record includes only the January 6 and December 5, 2022 hearing transcripts, appellant's writ of habeas corpus application, and the trial court's certification of defendant's right to appeal. In sum, the limited record hinders this Court from determining whether the trial court abused its discretion in denying appellant's habeas application.

Notwithstanding the limited record, appellant's application argues that his "alleged violations of failing a single drug test and missing curfew hours have no relation to the safety of the community or any potential danger Applicant may pose." We disagree.

Texas Constitution Article I, section 11b provides:

> Any person who is accused in this state of a felony or an offense involving family violence, who is released on bail pending trial, and whose bail is subsequently revoked or forfeited for a violation of a condition of release may be denied bail pending trial if a judge or magistrate in this state determines by a preponderance of the evidence at a subsequent hearing that the person violated a condition of release related to the safety of a victim of the alleged offense or to the safety of the community.

TEX. CONST. art. I, § 11b.

7

Thus, under Article I, section 11b, a trial court may deny a defendant bail if a defendant (1) is accused in Texas of a felony or an offense involving family violence, (2) is released on bail pending trial, (3) has his bail subsequently revoked for violating a condition of his release, and (4) is found to have violated a condition that relates to the safety of the complainant or the safety of the community.[2] *Id.*

Contrary to appellant's argument, Article I, Section 11b requires a showing that the violated condition relates to safety; not that the violation itself endangered another at the time it was committed. *Id.* Curfew, home confinement, and electronic monitoring are recognized means of protecting the safety of the community while an accused awaits trial. *See* TEX. CODE CRIM. PROC. arts. 17.40(a) (permitting imposition of "any reasonable condition of bond related to . . . the safety of the community"), 17.43(a) (reasonable conditions may include home curfew and electronic monitoring), 17.44 (allowing home confinement and electronic

---

[2]     *Ex parte McIntyre*, 558 S.W.3d 295, 302 (Tex. App.—Fort Worth 2018, pet. ref'd); *see also Ex parte Vazquez*, Nos. 05-13-00165-CR, 05-13-00166-CR, 2013 WL 1760614, at *3 (Tex. App.—Dallas Apr. 24, 2013, no pet.) (mem. op., not designated for publication) (noting Texas Constitution Article I, section 11b "governs situations in which bail, although initially granted, has been revoked because the defendant violated a condition of his release" and it allows "the subsequent denial of bail . . . [if] (1) the defendant is charged with a felony[ ] or (2) the defendant is charged with an offense involving family violence"); *see generally Ex parte Shires*, 508 S.W.3d 856, 865 (Tex. App.—Fort Worth 2016, no pet.) (looking at legislative history of section 11b and stating that "the legislature recognized that when an accused has demonstrated a reluctance to abide by reasonable conditions of bond, considerations of the safety of victims . . . and the safety of the community as a whole should be considered before releasing the defendant into the community again").

monitoring as bond condition). The limited record shows that, at the January 6, 2022 hearing, the trial court heard evidence that appellant had committed multiple violations of curfew. Further, at the December 5, 2022 hearing, the trial court found that appellant committed bond violations and that appellant's curfew affected community safety. Based on the evidence presented to the trial court, we cannot say that the trial court abused its discretion in denying habeas relief.

## Conclusion

We affirm the trial court's order that denied appellant's application for habeas corpus relief.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).

9