**Opinion issued May 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-23-00901-CR**
_____

**EX PARTE DESHAUN ST. JULIEN, Appellant**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1844509**

---

**MEMORANDUM OPINION**

Appellant DeShaun St. Julien filed a notice of appeal from the trial court's

September 20, 2023 order denying his pretrial "Motion for Bond Reduction–Writ of

Habeas [Corpus]."[1]  In his motion to the trial court, appellant requested a reduction

of his bond and asserted that the trial court setting his bond at "no bond" was

---

[1]     *See* TEX. R. APP. P. 31.

"excessive and penal in nature," after the trial court concluded he had violated the terms of his bond conditions. On appeal, appellant contends that the trial court erred in denying his motion for bond reduction.

We affirm.

## Background

The limited record reflects that appellant was charged with the first-degree felony offense of murder.[2] After initially holding appellant "at no bond," on April 27, 2021, the trial court set a bond of $350,000. On May 12, 2021, appellant posted a $350,000 surety bond. However, on March 21, 2022, the State filed a "Motion to Hold Without Bond" based on appellant's alleged violations of the conditions of his bond. On March 24, 2022, the trial court held a hearing, granted the State's motion, remanded appellant to custody, and set his bond at "no bond."[3] Appellant remains in custody.

On April 3, 2023, appellant filed his "Motion for Bond Reduction–Writ of Habeas [Corpus]," which is the subject of this appeal. In his motion for bond

---

[2]    *See* TEX. PENAL CODE ANN. § 19.02(b), (c).

[3]    *See* TEX. CONST. art. I, § 11b ("Any person who is accused in this [S]tate of a felony . . . who is released on bail pending trial, and whose bail is subsequently revoked or forfeited for a violation of a condition of release may be denied bail pending trial if a judge or magistrate in this state determines by a preponderance of the evidence at a subsequent hearing that the person violated a condition of release related to the safety of a victim of the alleged offense or to the safety of the community.").

reduction, appellant asserted that holding him in custody on no bond "is excessive and penal in nature" and is "in derogation of [appellant's] rights under the Eighth and Fourteenth Amendments to the United States Constitution, Article [I], §13 of the Texas Constitution, and Articles 1.07, 1.09 and 17.15 of the Texas Code of Criminal Procedure."

In his three-page motion, appellant asserted that he was "unable to make bail in such an amount," but that he could "raise the funds required to post bail at an amount of $150,000[] through a professional Bondsman." He therefore requested that the trial court "set his bond amount to $150,000[]."

On September 20, 2023, the trial court entered an order denying appellant's motion for bond reduction. Notably, the appellate record reflects that the trial court denied appellant's motion for bond reduction without a hearing. On September 29, 2023, appellant, acting pro se, filed a notice of appeal from the trial court's order denying his motion for bond reduction. The record reflects that after appellant filed his notice of appeal, the trial court appointed counsel to represent appellant on appeal.

## Standard of Review

In an appeal from an order denying habeas relief for a claim of excessive bail, we are limited to reviewing a trial court's decision about the amount of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App.

1981); *Montalvo v. State*, 315 S.W.3d 588, 592 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd). A reviewing court will not disturb a decision of the trial court if that decision is within the zone of reasonable disagreement. *Ex parte Tata*, 358 S.W.3d 392, 397 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd). We acknowledge that an abuse-of-discretion review requires more of the appellate court than simply deciding that the trial court did not rule arbitrarily or capriciously. *Montalvo*, 315 S.W.3d at 593. An appellate court must instead measure the trial court's ruling against the relevant criteria by which the ruling was made. *Id.*

However, it is not an abuse of discretion for the trial court merely to decide a matter within its discretion in a different manner than the appellate court would under similar circumstances. *Ex parte Miller*, 442 S.W.3d 478, 481 (Tex. App.—Dallas 2013, no pet.). We view the facts in the light most favorable to the trial court's ruling. *See Ex parte McIntyre*, 558 S.W.3d 295, 299 (Tex. App.—Fort Worth 2018, pet. ref'd). We will uphold the trial court's ruling if it is correct under any theory of law. *Id.*

**Appellate Record**

When the trial court has denied relief to a habeas corpus applicant, the applicant has the burden of presenting an appellate record sufficient to show that the trial court erred. *See Ex parte Gutierrez*, 987 S.W.2d 227, 230 (Tex. App.—Austin 1999, pet. ref'd). In the absence of a complete record, an appellate court is not in a position to overrule the trial court. *Id.*

Here, appellant has not met his burden of presenting a sufficient record because the record failed to include any indictment, any order setting bond and bond conditions, any motion filed by the State to revoke appellant's bond, any bond violation report, any other motion filed by the State to hold appellant without bond, and any orders revoking bond. The record included only the February 26, 2021 hearing transcript from the trial court's initial bond hearing, appellant's April 3, 2023 "Motion for Bond Reduction–Writ of Habeas [Corpus]," the trial court's September 20, 2023 order denying appellant's motion for bond reduction, appellant's notice of appeal, and the trial court's certification of defendant's right to appeal.

In sum, the limited record hinders this Court from determining whether the trial court abused its discretion in denying appellant's motion for bond reduction. *See Ex parte Sykes*, Nos. 01-22-00903-CR, 01-22-00904-CR, 2023 WL 3357672, at *3 (Tex. App.—Houston [1st Dist.] May 11, 2023, no pet.) (mem. op., not designated for publication) (concluding appellant failed to provide reviewing court

with sufficient record to determine whether trial court erred in denying habeas application).

**Bond Revocation**

Notwithstanding the limited record, in his three-page motion for bond reduction, appellant noted that at the time of his motion, his bond was "set at no bond," and asserted that he was "unable to make bail in such an amount." However, appellant could "raise the funds required to post bail at an amount of $150,000[] through a professional Bondsman." After the trial court denied his motion, appellant filed a notice of appeal "from the trial court's final judgment on the Writ of Habeas Corpus."

In his motion for bond reduction filed in the trial court, appellant asserted that holding him on "no bond is excessive and penal in nature." However, under Article I, section 11b of the Texas Constitution, a trial court may deny bail to a defendant where the defendant (1) is accused of a felony, (2) is released on bail pending trial, (3) has his bail subsequently revoked for violating a condition of his release, and (4) is found to have violated a condition that relates to the safety of the community. *See* TEX. CONST. art. I, § 11b.

In this case, appellant was charged with murder, a first-degree felony offense. *See* TEX. PENAL CODE ANN. § 19.02(b), (c). As noted above, the appellate record reflected that the trial court set a $350,000 bond for appellant, which he posted on

May 12, 2021. However, after the State alleged violations of the conditions of his bond, the trial court held a hearing on March 24, 2022. Because he was charged with a felony offense, and was released on bond, if the trial court concluded by a preponderance of the evidence that appellant "violated a condition of release related to the safety . . . of the community," the trial court had the authority to deny bond to appellant. *See* TEX. CONST. art. I, § 11b; *see also Ex parte Ware*, Nos. 09-21-00227-CR, 09-21-00228-CR, 2021 WL 5911681, at *5 (Tex. App.—Beaumont, Dec. 15, 2021, pet. ref'd) (mem. op., not designated for publication). After the March 24, 2022 hearing, the trial court granted the State's motion to hold appellant without bond, and remanded him into custody pending trial.

Appellant's motion for bond reduction filed in the trial court does not address the alleged violations of his bond and any finding or conclusion by the trial court that it "related to the safety of the community." Nor does appellant's motion for bond reduction mention Texas Constitution Article I, section 11b, or address the trial court's ability to deny him bond under Article I, section 11b. *See Ex parte Walker*, Nos. 01-21-00663-CR, 01-21-00664-CR, 01-21-00665-CR, 2022 WL 1273308, at *13 (Tex. App.—Houston [1st Dist.] Apr. 28, 2022, no pet.) (mem. op., not designated for publication). Instead, in his three-page motion for bond reduction, appellant only argues that he is "unable to make bail in such an amount," but that he

could "raise the funds required to post bail at an amount of $150,000[] through a professional Bondsman."

As noted above, the trial court did not hold a hearing before denying appellant's motion for bond reduction. Accordingly, the only evidence presented to the trial court for its consideration of appellant's motion for bond reduction is what was included in appellant's three-page motion for bond reduction and one-page affidavit. Viewing the evidence in the light most favorable to the trial court's decision, we cannot conclude that the trial court erred by denying appellant's motion for bond reduction. *See Ex parte Sykes*, 2023 WL 3357672, at *4; *Ex parte Ware*, 2021 WL 5911681, at *5.

## Conclusion

After reviewing the record, we hold that appellant failed to satisfy his burden to establish an abuse of discretion by the trial court in denying appellant's motion for bond reduction.

We affirm the order of the trial court.

April Farris
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).